ROLAND L. BELSOME, Judge.
 

 | jThis is an appeal by Sergeant Herbert Bovia (Sgt. Bovia) from a decision of the Civil Service Commission for the City of New Orleans (Commission), which dismissed Sgt. Bovia’s appeal of a three day suspension imposed by Superintendent Warren Riley of the New Orleans Police Department. For the reasons which follow, we reverse.
 

 STATEMENT OF THE FACTS
 

 The New Orleans Police Department (NOPD), the appointing authority, hired Sgt. Bovia on September 7, 1980 and promoted Sgt. Bovia to his current class on October 19, 2004. Sgt. Bovia works five days a week and receives two days off a week as the supervisor of a platoon in the motorcycle division.
 

 Lieutenant Melvin Howard (Lt. Howard), Sgt. Bovia’s immediate supervisor, instructed subordinate supervisors, including Sgt. Bovia, to provide notice and receive authorization prior to changing leave dates. Lt. Howard explained he did not want any platoons to operate without a supervisor.
 

 During the week of September 17, 2006, Sgt. Bovia checked his email and found a traffic check point assignment scheduled on his regular day off. He testified that he believed the traffic check point was a priority over his day off as [athe departmental regulations say a supervisor must be present at a traffic check point and must submit a written report on the traffic check point. Sgt. Bovia informed Lt. Howard of his need to receive a second day off for the week of September 17, 2006, since the payroll system does not allow him to log more than five days of work per week and overtime is not allowed. Lt. Howard instructed him to find someone to fill in as supervisor. Although he tried, Sgt. Bovia was unable to find someone to cover his shift. Sgt. Bovia testified that he arrived on the morning of September 23, 2006, completed paperwork, held roll call for his platoon and issued his platoon assignments. Thereafter, Sgt. Bo-via informed his platoon that he would not be working the rest of the shift.
 

 On February 7, 2007, Superintendent Riley suspended Sgt. Bovia for three days for a sustained violation of the department rule regarding instructions from an authoritative source. Superintendent Riley found Sgt. Bovia disregarded the written instruction by Lt. Howard which required notification of changes in schedules so there would not be an occasion in which a platoon worked without a supervisor.
 

 On February 28, 2007, Sgt. Bovia appealed to the Commission. The Commission appointed a hearing examiner. The hearing examiner conducted a hearing on April 23, 2007. On August 1, 2007, the hearing examiner issued a report. After
 
 *1161
 
 reviewing the report and the evidence, the Commission rendered a decision dated April 3, 2008.
 

 STANDARD OF REVIEW
 

 The Commission has authority to “hear and decide” disciplinary cases, which includes the authority to modify (reduce) as well as to reverse or affirm a penalty. La. Const. art. X, § 12;
 
 Pope v. New Orleans Police Dept.,
 
 2004-1888, p. 5 (La.App. 4 Cir. 4/20/05), 903 So.2d 1, 4. The authority to reduce a penalty can only be exercised if there is insufficient cause for imposing the greater penalty.
 
 Pope,
 
 2004-1888, pp. 5-6, 903 So.2d at 4.
 

 The appointing authority has the burden of proving, by a preponderance of the evidence, that the complained of activity or dereliction occurred, and that such dereliction bore a real and substantial relationship to the efficient operation of the appointing authority.
 
 Cure v. Dept. of Police,
 
 2007-0166, p. 2 (La.App. 4 Cir. 8/1/07), 964 So.2d 1093, 1094,
 
 citing Marziale v. Dept. of Police,
 
 2006-0459, p. 10 (La.App. 4 Cir. 11/8/06), 944 So.2d 760, 767. In determining whether the disciplinary action was based on good cause and whether the punishment is commensurate with the infraction, this court should not modify the Commission order unless it was arbitrary, capricious, or characterized by an abuse of discretion.
 
 Id.
 
 A decision of the Commission is “arbitrary and capricious” if there is no rational basis for the action taken by the Commission.
 
 Cure,
 
 2007-0166, p. 2, 964 So.2d at 1095.
 

 DISCUSSION
 

 First, Sgt. Bovia argues that the Commission violated its own rules by appointing a hearing examiner. Civil Service Rule II, Section 4.11 provides an employee may choose to use the Alternate Dispute Resolution when the disciplinary action involves ten days or less. Further, for disciplinary actions in excess of ten days, any resulting appeal will be assigned to a hearing examiner. Sgt. Bovia contends that the Commission erred in assigning his case to a hearing examiner as the disciplinary action involves a three day suspension.
 

 The Louisiana Constitution provides the Commission “may appoint a referee to take testimony, with subpoena power and power to administer oaths to |4witnesses.” La. Const, art. X, § 12. The Commission’s own rules mandate when a referee or hearing examiner must be appointed. There is no prohibition against appointing a referee or hearing examiner when the disciplinary action involves ten days or less. We find no merit in this argument.
 

 Next, Sgt. Bovia argues that the Commission violated its rules by the hearing examiner failing to issue a report within fifteen days after the completion of the hearing and also when the Commission failed to render its report within ninety days of completion of a hearing. This argument warrants further discussion.
 

 Civil Service Rule II, Section 4.11 provides: “hearing examiner will prepare a report of the proceedings for the Commission within fifteen (15) working days after the completion of the hearing.” Civil Service Rule II, Section 4.17 provides in pertinent part:
 

 [alppeals to the Commission shall be decided promptly but in any event within ninety (90) calendar days after completion of a hearing. In the event the hearing has been held before a Hearing Officer or Referee ... the ninety (90) day period shall begin to run upon receipt by the Commission of the Hearing Officer’s Report and official transcript of the testimony of said hearing.
 

 Rules of the Civil Service Commission, Rule II, Section 4.17.
 

 
 *1162
 
 The timeliness of Commission action was discussed in
 
 Bannister v. Dept. of Streets,
 
 95-0404 (La.1/16/96), 666 So.2d 641. In
 
 Bannister,
 
 the Commission rendered a delinquent decision some eighty-seven days beyond the ninety day limitation provided for in Rule II, Section 4.17.
 
 Id.,
 
 p. 4, 666 So.2d at 645. The Bannister Court found the language quoted above to be “directory in nature”.
 
 Id.,
 
 p. 7, 666 So.2d at 647. They went on to acknowledge that, “the Commission’s authority to award back pay, to reinstate benefits, and to modify disciplinary actions ... can be utilized to | ^largely rectify the potential prejudice resulting from a delayed ruling in favor of the employee.”
 
 Id.,
 
 p. 7, 666 So.2d at 646-647. Ultimately, the Court reinstated the Civil Service Commission’s decision to terminate.
 
 Id.,
 
 p. 11, 666 So.2d. at 649.
 

 Commission guidelines were further discussed in
 
 Patterson v. New Orleans Fire Department,
 
 98-1168 (La.App. 4 Cir. 12/23/98), 727 So.2d 551. While this Court recognized that there is no bright-line standard to determine prejudicial delay, it found a delay of more than six hundred ninety-six days coupled with the lack of factual support in the record warranted a reversal. In reversing the Commission’s decision this court went on to note, “at some point, justice delayed becomes justice denied.”
 
 Id.
 

 Similarly, the delays in the case
 
 sub judice
 
 can be considered, at the very least, unreasonable. This record consists of approximately twenty-five pages of testimony from two witnesses and six exhibits. In this instance, both the hearing examiner’s report and the decision of the Commission were delinquent resulting in a total delay of two hundred thirty-three days. Even though the statutes have been ruled as advisory this type of delay is clearly abusive.
 

 Sgt. Bovia also maintains that the Commission acted arbitrarily and capriciously in dismissing his appeal. The Commission noted Sgt. Bovia is an “experienced police sergeant who tried to manage a difficult situation.” Sgt. Bovia worked a traffic check point on his scheduled day off to avoid violating department regulations. Subsequently, when he notified his superior officer that he needed a second day off, since overtime was not permitted, Lt. Howard gave no assistance or guidance in resolving the | ^problem. In further support of his argument, Sgt. Bo-via presented evidence of other absent supervisors who have not been subject to disciplinary action.
 

 Sgt. Bovia’s record is exemplary and considering the evidence indicating that other platoons have gone unsupervised without disciplinary action being taken against the responsible supervisor, we find there was insufficient cause for Sgt. Bo-via’s three day suspension. Accordingly, we find the Commission acted in an arbitrary and capricious manner in dismissing Sgt. Bovia’s appeal.
 

 Therefore, we reverse the decision of the Civil Service Commission. All pay and benefits are to be restored to Sgt. Bovia with interest and all costs are to be borne by the appellee.
 

 REVERSED AND RENDERED.
 

 JONES, J., dissents and would affirm the judgment of the Civil Service Commission.