ROLAND L. BELSOME, Judge.
hThe Sewerage & Water Board appeals the Civil Service Commission’s reinstatement of Sewerage & Water Board employee, Thaddeus Jackson, with back pay and emoluments of employment. For the reasons that follow we affirm.
Thaddeus Jackson became an employee of the Sewerage & Water Board (S & WB) on April 24, 1989. At the time of the incident made subject of this appeal he held a provisional position as a Quality Assurance Safety Inspector with permanent status as a Pumping Crane Operator.
On September 3, 2004 at approximately 5:45 p.m., Mr. Jackson was found on the ground and unresponsive at a S & WB worksite. A fellow employee called 911 and an ambulance arrived shortly thereafter. Mr. Jackson refused to be transported to the hospital by ambulance, but was driven to Touro Infirmary by Larry DeJe-an who was also an employee of the S & WB. He arrived at Touro Infirmary at approximately 6:30 p.m.
Upon arriving at the hospital Mr. Jackson refused to be admitted or to have any testing done. That included the drug testing that is required by the S & WB |2when an accident or incident at a jobsite occurs. Mr. Jackson’s wife and mother arrived at the hospital to find him crying and disoriented. The women were able to convince him to be admitted into the hospital for testing and treatment. At that time, approximately 10:25 p.m., he voluntarily submitted to the urine drug test required by the S & WB. Mr. Jackson remained in the hospital for two days.
The S & WB was informed on September 8, 2004, that Mr. Jackson’s drug test result was negative. On September 10, 2004, the S & WB sent Mr. Jackson a letter advising him the he was to appear for a “pre-disciplinary hearing regarding your attendance.” He responded by contacting the S & WB and informed them that while he was out he had been calling in and using sick days. Then on September 22, 2004, Mr. Jackson was sent a letter notifying him that a pre-termination hearing was set for September 29, 2004 and *227 that he needed to provide evidence of “diagnosis and prognosis and medical documentation as to your condition.”
The hearing was held on September 29, 2004, as scheduled. Mr. Jackson presented a letter from neurologist, Dr. R. Charles Fiore. Dr. Fiore’s letter stated his findings after an evaluation of Mr. Jackson was loss of consciousness due to seizure, “followed by confusional episode, and amnesia lasting several hours.” Based on Mr. Jackson’s history and test results, Dr. Fiore considered Mr. Jackson’s prognosis to be very good.
The pre-termination form dated September 29, 2004 stated the reason for recommendation as; “[rjefusal to submit to drug and alcohol screening at direction of supervisor following incident in which he passed out on job. Also, refusal to enter drug and alcohol rehabilitation as required by SWB [sic] Alcohol and Drug Abuse Policy.” The form also indicated that “[d]octor’s letter did not specifically | ¡¡address subject of Mr. Jackson’s refusal on 9-03-04 to submit to alcohol & drug abuse screening as [sic] and when directed by supervisor.” At the pre-termination hearing, Mr. Jackson again informed the S & WB that he had indeed submitted to the drug test at the hospital, which fact was also stated in Dr. Fiore’s letter.
Following the pre-termination hearing, the S & WB sent Mr. Jackson a letter dated October 5, 2004 informing him that he was terminated effective October 15, 2004. The letter cited Civil Service Rule V. Section 9.4 and stated that he had been offered the opportunity to enter a certified rehabilitation program, resign, or be dismissed. Mr. Jackson declined the offer to enter rehabilitation or resign and he was therefore terminated.
Mr. Jackson appealed his termination. After several days of testimony, which was completed on August 9, 2006, the hearing examiner drafted his recommendation in support of Mr. Jackson’s termination. However, the Civil Service Commission (Commission), after reviewing all the testimony, issued a decision on October 2, 2008, finding that Mr. Jackson was wrongfully terminated.
On appeal from the Commission’s decision, the S & WB argues that 1) the Commission did not have sufficient cause to change the disciplinary action; and 2) the Commission erred in taking two years to issue a decision. The S & WB maintains that Mr. Jackson’s initial refusal to be drug tested violated the Civil Service Commission’s Substance Abuse Policy as expressed in Section 9, Rule V of the Civil Service Rules:
Refusal to participate in the substance abuse screening procedure, or failure to undergo the screening procedure at the time and place designated for testing ... shall be considered to be presumptive evidence of the individual’s inability to pass the substance abuse testing procedure.
Civil Service Rule V, Section 9.4.
l/The Commission’s duty is to independently determine from the facts and evidence presented whether the appointing authority had good cause for taking disciplinary action and if the action was commensurate with the infraction. See Cure v. Dept. of Police, 2007-0166, p. 2 (La.App. 4 Cir. 8/1/07), 964 So.2d 1093, 1094, citing Marziale v. Dept. of Police, 2006-0459, p. 10 (LaApp. 4 Cir. 11/8/06), 944 So.2d 760, 767. The conclusion of the Commission should not be reversed by this Court unless the decision is arbitrary, capricious or an abuse of the Commission’s discretion. Id., p. 10, 964 So.2d at 1095.
As recognized in the Commission’s decision, the evidence established that Mr. Jackson had lost consciousness, struck his *228 head on the ground and was transported to the hospital. The doctor’s report, requested by and produced to the S & WB stated that Mr. Jackson’s unconsciousness and subsequent confusion and amnesia were most likely the result of a seizure. Witnesses testified that after arriving at the hospital, Mr. Jackson wandered off and was lost for some period of time. Further, when his wife and mother arrived they found him crying and asking for his grandmother, who was no longer a patient at the hospital. These accounts of Mr. Jackson’s behavior are consistent with the “confusional episode” described by Dr. Fiore.
The S & WB focuses on Mr. Jackson’s refusal to submit to the drug test upon arrival at the hospital, but the evidence proved that he refused all treatment, testing, and admittance into the hospital. He argued that he had not passed out and that nothing was wrong with him. His wife and mother finally convinced him to be admitted to the hospital and undergo treatment and testing. We agree with the Commission’s finding that the record fully | .^supports that Mr. Jackson’s initial refusal to submit to the drug test was caused by his medical condition at the time. In light of these particular facts, a brief delay in the drug testing, which produced a negative result, was not a violation of Civil Service Rule V, Section 9.4.
The S & WB argues that the Commission’s delay in rendering a decision caused harm to the Appointing Authority because Mr. Jackson is entitled to two years of back pay. August 9, 2006 was the last day that evidence was presented to the hearing officer. Post hearing briefs were due on August 31, 2006 and a decision was not rendered until October 2, 2008.
Civil Service Rules require the Commission to decide an appeal within ninety (90) days after receiving the hearing officer’s report.[1] Although in this matter the hearing officer’s report is not dated, the fact that the appeal was decided some 653 days beyond the guidelines set by the rules is clearly abusive. However, a reversal cannot be based solely on an untimely decision. Bannister v. Dept. of Streets, 95-0404, p. 7 (La.1/16/96), 666 So.2d 641, 647(clearly stating the Rule II, Section 4.16 is not a mandate, but merely “directory”). This Court has admonished the Commission for lengthy delays in past opinions, but we are bound to determine the outcome of the cases on the merits. See Bovia v. Dept. of Police, 08-0710 (La.App. 4 |6 Cir. 1/7/09), 2 So.3d 1159, and Patterson v. New Orleans Fire Dept., 98-1168 (La.App. 4 Cir. 12/23/98), 727 So.2d 551.
Accordingly, we affirm the Civil Service Commission’s reinstatement of Thaddeus Jackson with back pay and emoluments of employment.
AFFIRMED.
TOBIAS, J., Concurs and Assigns Reasons.

. Civil Service Rule II, Section 4.11 states that "hearing examiner will prepare a report of the proceedings for the Commission within fifteen (15) working days after the completion of the hearing.”
Civil Service Rule II, Section 4.17 provides in pertinent part:
[ajppeals to the Commission shall be decided promptly but in any event within ninety
(90) calendar days after completion of a hearing. In the event the hearing has been held before a Hearing Officer or Referee ... the ninety (90) day period shall begin to run upon receipt by the Commission of the Hearing Officer's Report and official transcript of the testimony of said hearing.