964 So.2d 1093 (2007)
Michael CURE
v.
DEPARTMENT OF POLICE.
No. 2007-CA-0166.
Court of Appeal of Louisiana, Fourth Circuit.
August 1, 2007.
*1094 Frank G. Desalvo, Desalvo Desalvo & Blackburn, APLC, New Orleans, LA, for Plaintiff/Appellant.
James B. Mullaly, Assistant City Attorney, Joseph V. Dirosa, Jr., Chief Deputy City Attorney, Penya M. Moses-Fields, City Attorney, New Orleans, LA, for City of New Orleans.
(Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge PATRICIA RIVET MURRAY and Judge MAX N. TOBIAS JR.).
JOAN BERNARD ARMSTRONG, Chief Judge.
The plaintiff-appellant, Michael Cure, an NOPD officer, appeals the December 1, 2006 decision of the Civil Service Commission, affirming that portion of the New Orleans Police Department, the appointing authority, decision to suspend the plaintiff for thirty days without pay for neglecting his duties by leaving his post for six days during an emergency (Katrina) evacuation without authorization.[1]
Officer Cure had permanent status. It is uncontested that after reporting for Hurricane Katrina duty on August 28, 2005, he left the city on September 2, 2005 in order to evacuate his wife to Houston and find her a place to stay there. He returned to duty on September 8, 2005. He remained on emergency duty thereafter.
The plaintiff contends that the penalty imposed upon him was arbitrary and capricious in that it was imposed through an "arbitrarily set formula for punishment that failed to distinguish the people who reported for emergency activation status and stayed through the crises [which the plaintiff did] and then left from the people who failed to report on August 28 for emergency activation status and were gone a similar length of time."
The plaintiff also complains that the formula applied by the appointing authority "made no attempt to differentiate those with reasons from those without [sic] much less to differentiate the compelling nature of the reasons for leaving."
The appointing authority has the burden of proving, by a preponderance of the evidence that the complained-of activity or dereliction occurred, and that such dereliction bore a real and substantial relationship to the efficient operation of the appointing authority. Marziale v. Department of Police, 06-0459, p. 10 (La.App. 4 Cir. 11/8/06), 944 So.2d 760, 767, citing Cittadino v. Department of Police, 558 So.2d 1311, 1315 (La.App. 4 Cir.1990). The burden of proof on appeal to the Civil Service Commission shall be on the appointing authority. Marziale, supra, 06-0459, p. 11, 944 So.2d at 767, citing Walters v. Dept. of Police of New Orleans, 454 So.2d at 112-113. The decision of the Civil Service Commission is subject to review on any question of law or fact upon appeal to this Court, and this court may only review findings of fact using the manifestly erroneous/clearly wrong standard of review. La. Const. art. X, § 12(B); Marziale, supra. In determining whether the disciplinary action was based on good cause *1095 and whether the punishment is commensurate with the infraction, this court should not modify the Civil Service Commission order unless it was arbitrary, capricious, or characterized by an abuse of discretion. Id. A decision by the Civil Service Commission is "arbitrary or capricious" if there is no rational basis for the action taken by the Civil Service Commission. Id., citing Bannister v. Department of Streets, 95-0404, p. 8 (La.1/16/96), 666 So.2d 641, 647.
The parties are basically in agreement as to the standard of review and the law to be applied to this case. There is also no factual dispute. This case boils down to the question of whether the sanction imposed by the appointing authority and as affirmed by the Civil Service Commission was arbitrary and capricious and an abuse of discretion.
The "arbitrarily set formula" or schedule of penalties referred to by the plaintiff does not appear to be in the record. However, the brief for the appointing authority-appellee acknowledges that ". . . Officer Cure was suspended for 30 days, the uniform amount of days set by the Superintendent in accordance with a schedule that coincided with the amount of days that an officer was missing."
The use of a schedule during the difficult post Katrina times is understandable. Whether the punishment called for by the schedule constitutes an abuse of discretion depends on the facts of the particular case to which the schedule is applied. We find the punishment to be commensurate with the infraction. We do not find that the punishment was excessive relative to the infraction. We further find that the "dereliction bore a real and substantial relationship to the efficient operation of the appointing authority," i.e., it goes without saying that Officer Cure's absence from his post during the post Katrina emergency would impair the efficient operation of the appointing authority. The plaintiff cites no authority to the contrary.
In Nick v. Department of Fire, 416 So.2d 131, 132 (La.App. 4 Cir.1982) this Court stated that:
The Commission does not have the authority to reduce a penalty except on a determination that there is insufficient cause for the greater penalty.
There is nothing in the record tending to show that there was insufficient cause for the imposition of the penalty imposed.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[1] The appointing authority also suspended the plaintiff for thirty days without pay for refusing to follow instructions from his supervisor not to leave his post to evacuate his wife. During the course of the Civil Service hearing the appointing authority agreed to withdraw the thirty-day suspension for refusing to follow instructions.