CHARLES R. JONES, Judge.
hThe Appellant, Sergeant Ernie Joseph, seeks review of the decision of the Civil Service Commission for the City of New Orleans (the “Commission”), dismissing his appeal and thereby affirming the discipline imposed by the Superintendent of the New Orleans Police Department (“NOPD”). For the reasons assigned below, we affirm.
The NOPD hired Sergeant Joseph on October 13, 1991. At the time of the incident in question, Sergeant Joseph had attained the rank of Police Sergeant with permanent status in the NOPD.
On October 26, 2004, Sergeant Joseph appeared at Touro Hospital after receiving information of a complaint. The complainant, Archie Reeves, Sr., alleged his son, Archie Reeves, Jr., (hereinafter referred to as “Junior”) received injuries during a traffic stop. Earlier that evening, Officers William Torres and Armand Clavo initiated a traffic stop. When Junior, failed to exit the vehicle, Officer Torres pulled him by his shirt, placed him on the ground and handcuffed Ighim.[1] Both Officer Torres and Officer Clavo stated that Junior passively resisted exiting the vehicle.
After being released with a citation, Junior appeared at Touro Hospital complaining of injuries. Sergeant Joseph testified that Junior was reluctant to speak with him and that Archie Reeves, Sr., did most of the talking. Sergeant Joseph referred to Junior and stated, “I didn’t notice anything about him. He was just sitting up and it was more or less in a relaxed, calm manner.” Sergeant Joseph completed a Resisting Arrest Report which stated that he did not observe any injuries to Junior.
The Public Integrity Bureau conducted an investigation. On behalf of the Public Integrity Bureau, Sergeant Claudia Neal interviewed witnesses and documents and submitted an investigative report.
One witness, Sergeant Hudson Cutno, related he observed some reddening of the skin along the jawline of Junior. Sergeant Cutno arrived with Sergeant Joseph at Touro Hospital. Sergeant Cutno testified that Sergeant Joseph completed the Resisting Arrest Report and that he did not see the report prior to giving his statement to the Public Integrity Bureau.
The investigative report states, “Sergeant Joseph acknowledged that while at the hospital he observed slight swelling to the side of the complainant’s face. However, he did not document an injury in his *88 Resisting Arrest Report because the complainant had light skin and the injury resembled a pimple forming on the side of the complainant’s face.” The administrative report concluded that Sergeant 13Joseph may have violated Rule 6 of the NOPD’s Rules regarding false or inaccurate reports.
Captain Jeffrey Winn conducted a hearing and thereafter recommended that the allegation of false or inaccurate reports be given a disposition of exonerated.
Deputy Superintendent Warren Riley reviewed the investigative report and the evidence presented, concluded that a violation was sustained and recommended a Letter of Reprimand be issued to Sergeant Joseph. Superintendent Edwin Compass agreed and issued a Letter of Reprimand dated June 13, 2005.
Sergeant Joseph appealed to the Commission. The Commission denied the appeal, concluding that the NOPD did not abuse its discretion nor did it act arbitrarily in reprimanding Sergeant Joseph.
On appeal, Sergeant Joseph raises two (2) issues: the Commission erred in dismissing the appeal of Ernie Joseph as no evidence introduced proved the Appellant violated Rule 6 pertaining to false or inaccurate reports, and the Commission erred in dismissing the appeal of Ernie Joseph as the Resisting Arrest Report contained correct and truthful information at the time it was completed.
The appointing authority has the burden of proving, by a preponderance of the evidence, that the complained of activity or dereliction occurred, and that such dereliction bore a real and substantial relationship to the efficient operation of the appointing authority. Cure v. Dept. of Police, 2007-0166, p. 2 (La.App. 4 Cir. 8/1/07), 964 So.2d 1093, 1094, citing Marziale v. NOPD of Police, 06-0459, p. 10 (La.App. 4 Cir. 11/8/06), 944 So.2d 760, 767. The burden of proof on appeal to the Civil Service Commission shall be on the appointing authority. Cure, 2007-0166, p. 2, 964 So.2d at 1094. The decision of the Civil Service Commission is |4subject to review on any question of law or fact upon appeal to this court, and this court may only review findings of fact using the manifestly erroneous/clearly wrong standard of review. La. Const. Art. X, § 12(B); Cure, 2007-0166, p. 2, 964 So.2d at 1094. In determining whether the disciplinary action was based on good cause and whether the punishment is commensurate with the infraction, this court should not modify the Civil Service Commission order unless it was arbitrary, capricious, or characterized by an abuse of discretion. Id. A decision by the Civil Service Commission is “arbitrary or capricious” if there is no rational basis for the action taken by the Civil Service Commission. Cure, 2007-0166, p. 2, 964 So.2d at 1095.
In this instance, this Court concludes that the action of the Commission was not manifestly erroneous nor clearly wrong. Sergeant Joseph completed a report which concluded that no injuries were observed on an individual complaining that another officer beat him. Later, “Sergeant Joseph acknowledged that while at the hospital he observed slight swelling to the side of the complainant’s face. However, he did not document an injury in his Resisting Arrest Report because the complainant had light skin and the injury resembled a pimple forming on side of the complainant’s face.”
NOPD Rule 6 provides that “a member shall not knowingly make or cause or allow to be made a false or inaccurate oral or written record or report of an official nature or intentionally withhold any material matter from such report or statement.”
In Williams v. Dept. of Police, 2000-1596, p. 7 (La.App. 4 Cir. 4/11/01), 784 So.2d 813, 817, this Court upheld the imposition of discipline to the sustained charge *89 of filing false or inaccurate reports. This Court paraphrased the compelling | stestimony of Deputy Superintendent Ser-pas as follows: “the integrity of the New Orleans Police NOPD has been called into question on many occasions. For this reason, rules and regulations have been called into operation to protect police officers and to ease the public’s mind.... The rules are not to be taken lightly.” Id.
Considering the serious nature of the allegations of the Reeves family, and the failure of Sergeant Joseph to accurately report what he observed in the Resisting Arrest Report, the NOPD’s finding of dereliction of duty and that such dereliction bears a real and substantial relationship to the efficient operation of the NOPD is based on good cause. Further, a Letter of Reprimand is commensurate with the infraction.
Lastly, there is a rational basis for the action taken by the Commission. Considering the fact that the integrity of the NOPD has been called into question in the past and the serious nature of the allegations of the Reeves family, the Commission order denying Sergeant Joseph’s appeal is not arbitrary, capricious, nor characterized by an abuse of discretion.

DECREE

For the foregoing reasons, the judgment of the Civil Service Commission is affirmed.
AFFIRMED.
CANNIZZARO, J., CONCURS IN THE RESULT.

. Junior alleged Officer Torres “stomped on his head.” The administrative investigation contained an allegation that Officer Torres placed his knee on Junior’s back while handcuffing him. This discrepancy is immaterial to our determination of the issue presented herein.