NIGEL DAGGS
v.
DEPARTMENT OF POLICE.
No. 2008-CA-0918.
Court of Appeals of Louisiana, Fourth Circuit.
November 12, 2008.
Not Designated for Publication
GARY M. PENDERGAST, Counsel for Nigel Daggs.
VICTOR L. PAPAI, Jr., Assistant City Attorney, Nolan P. Lambert, Chief Deputy City Attorney, Penya Moses-Fields, City Attorney, Counsel for New Orleans Police Department.
Court composed of Judges McKAY, III, KIRBY, LOVE.
TERRI F. LOVE, Judge.
This is an appeal by Officer Nigel Daggs from a decision of the Civil Service Commission for the City of New Orleans, which dismissed Officer Nigel Daggs' appeal of an eight day suspension imposed by the New Orleans Police Department. For the following reasons, we affirm.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY
Prior to roll call officially starting, Officer Nigel Daggs ("Officer Daggs") and Officer Tracy Fulton ("Officer Fulton") engaged in verbal "joking and clowning." Officer Daggs testified that Officer Fulton then said something that "irritated me at which time I did take off my gun belt and I did charge toward Mr. Fulton." Officer Daggs stated that he stopped about two feet from Officer Fulton and tried to collect himself when Officer Fulton stood up and pushed him. At that point, Officer Daggs grabbed him and they struggled, falling over a desk and knocking a table down. The altercation ended when the sergeants and others present pulled Officer Daggs and Officer Fulton apart. Officer Daggs stated that he did not hear anyone say or yell, "Break it up" or "Stop." Thereafter, the officers went to Touro Hospital to be looked at by medical personnel. Officer Daggs stated he bit his lip, but did not require "medicine, no stitches, or anything."
Sergeant Joseph Lorenzo ("Sgt. Lorenzo") testified that he is assigned to the Public Integrity Bureau ("PIB") of the New Orleans Police Department ("NOPD") and investigated the incident in question. During the investigation, Sgt. Lorenzo interviewed every individual present at roll call on July 24, 2006. Sgt. Lorenzo testified that Sergeant Young stated that he believed Officer Daggs had backed down and that Officer Fulton threw the first punch. Sgt. Lorenzo also stated that several people he interviewed stated that "when Officer Daggs walked over and Officer Fulton stood up, they bumped chests." Further, Sgt. Lorenzo testified that of the people he interviewed, "there were some that said Officer Daggs threw the first punch; there were some that said Officer Fulton threw the first punch." Sgt. Lorenzo stated that both officers were found to have violated the rule regarding professionalism.[1] Sgt. Lorenzo testified, "if you are asking me to determine who was the aggressor, it would have to [be] Officer Daggs simply because of the fact that he took his gun belt off and walked over to Officer Fulton." Sgt. Lorenzo concluded the entire matter lasted "20 seconds at best."
Sgt. Lorenzo averred that Sergeant Young and Sergeant Blanchard, the supervisors present when the incident occurred, both ordered the officers to separate. Sgt. Lorenzo stated that other officers testified that the "Sergeants did say "Stop" or "Break it up." However, Sgt. Lorenzo testified that he believed Officer Daggs and Officer Fulton did not hear the instruction as "cops in a situation like that, you kind of get tunnel vision." In response to the hearing examiner stating:
I believe that's exactly what happened. Because when you are getting ready to fight somebody, you don't hear small talk around you. Your whole senses are on defeating your opponent. I can't see that as a direct violation of an order when they were both going at it
Sgt. Lorenzo replied, "Yes, sir."
The NOPD imposed[2] a five-day suspension for violating internal rules regarding professionalism and a three-day suspension for violating instructions from an authoritative source. Officer Daggs timely filed an appeal with the Civil Service Commission ("Commission").
The Commission appointed a hearing examiner, who conducted a hearing on February 7, 2007. Thereafter, the Commission reviewed the transcript and all documentary evidence. The Commission issued a decision denying the appeal and upholding the discipline imposed by the NOPD. Officer Daggs then filed this timely appeal.

STANDARD OF REVIEW
"The Commission has the authority to `hear and decide' disciplinary cases, which includes the authority to modify (reduce) as well as to reverse or affirm a penalty." Pope v. New Orleans Police Dep't, 04-1888, p. 5 (La. App. 4 Cir. 4/20/05), 903 So. 2d 1, 4, quoting Branighan v. Dep't of Police, 362 So. 2d 1221, 1223 (La. App. 4th Cir. 1978); La. Const. art. X, §12. "The appointing authority is charged with the operation of its department and it is within its discretion to discipline an employee for sufficient cause." Pope, 04-1888, p. 6, 903 So. 2d at 4. The Commission is not charged with such discipline. Id. "[T]he authority to reduce a penalty can only be exercised if there is insufficient cause for imposing the greater penalty." Pope, 04-1888, p. 5, 903 So. 2d at 4.
"The appointing authority has the burden of proving, by a preponderance of the evidence, that the complained of activity or dereliction occurred, and that such dereliction bore a real and substantial relationship to the efficient operation of the appointing authority." Cure v. Dep't Of Police, 07-0166, p. 2 (La. App. 4 Cir. 8/1/07), 964 So. 2d 1093, 1094, citing Marziale v. Dept. of Police, 06-0459, p. 10 (La. App. 4 Cir. 11/8/06), 944 So. 2d 760, 767. "The protection of civil service employees is only against firing (or other discipline) without cause." Cornelius v. Dep't of Police, 07-1257, p. 7 (La App. 4 Cir. 3/19/08), 981 So. 2d 720, 724.
The decision of the Commission "is subject to review on any question of law or fact upon appeal to this Court, and this court may only review findings of fact using the manifestly erroneous/clearly wrong standard of review." La. Const. art. X, §12; Cure, 07-0166, p. 2, 964 So. 2d at 1094. "In determining whether the disciplinary action was based on good cause and whether the punishment is commensurate with the infraction, this court should not modify the Civil Service Commission order unless it was arbitrary, capricious, or characterized by an abuse of discretion." Cure, 07-0166, p. 2, 964 So. 2d at 1094-95. "A decision by the Civil Service Commission is `arbitrary and capricious' if there is no rational basis for the action taken by the Civil Service Commission." Cure, 07-0166, p. 2, 964 So. 2d at 1095, quoting Marziale v. Dep't of Police, 06-0459, p. 11 (La. App. 4 Cir. 11/8/06), 944 So. 2d 760, 767.

SUSPENSION
The NOPD bore the burden of proving that the complained-of conduct or dereliction occurred and that the complained-of conduct or dereliction impaired the efficiency of the NOPD. The NOPD alleged that Officer Daggs violated the rule on professionalism, found in Rule 3, Professional Conduct, which provides:
Employees shall conduct themselves in a professional manner with the utmost concern for the dignity of the individual with whom they are interacting. Employees shall not unnecessarily inconvenience or demean any individual or otherwise act in a manner which brings discredit to the employee of the Police Department.
In the case sub judice, the NOPD concluded that both Officer Daggs and Officer Fulton violated this rule, as both acted in an unprofessional manner in engaging in a physical altercation. Officer Daggs did not allege that the physical altercation did not occur, so we next turn to whether or not the complained-of conduct or dereliction impaired the efficiency of the NOPD.
Officer Daggs testified that he received medical attention after the incident. As the incident occurred just before roll call, we conclude that the incident occurred as Officer Daggs was about to start his shift. Officer Daggs missed a portion of his shift while he received medical attention. Absence from duty is an impairment of the efficiency of the NOPD.
Having found good cause for disciplinary action, we now turn our attention to whether the punishment is commensurate with the infraction. Officer Daggs complains Officer Fulton receiving only a letter of reprimand, while Officer Daggs received a five-day suspension that "smacks of an inconsistency not allowable by law."
The Commission found Officer Daggs caused the altercation. Considering Officer Daggs' own testimony that he removed his gun belt and charged toward Officer Fulton, we find a rational basis for the conclusion of the Commission.
In Staehle v. Dep't of Police, 98-0216, p. 6 (La. App. 4 Cir. 11/18/98), 723 So. 2d 1031, 1034, Officer Staehle received a five-day suspension for violating the rule regarding professionalism as the result of an altercation. This Court found the five-day suspension commensurate with the offense.
Therefore, we cannot say the Commission was manifestly erroneous in concluding Officer Daggs caused the altercation and upholding the imposition of a five-day suspension.
Next, the NOPD bore the burden of proving Officer Daggs violated an instruction from an authoritative source. That the supervisors on duty, Sergeant Young and Sergeant Blanchard, had authority to issue an instruction is not contested. The relevant rule is found in Rule 4, Performance of Duty, 2. Instructions from an Authoritative Source, which provides in pertinent part: "A member shall professionally, promptly, and fully abide by or execute instructions issued from any authoritative source."
Sgt. Lorenzo stated that several witnesses averred that they heard Sergeant Young and Sergeant Blanchard instruct Officer Daggs and Officer Fulton to "stop" or "break it up."[3] Hence, the NOPD proved the complained-of activity or dereliction occurred.
As previously noted, Officer Daggs testified he was taken to Touro Hospital after the altercation to be reviewed by medical personnel. Officer Daggs missed a portion of his shift, which impaired the efficiency of the NOPD.
Officer Daggs argues that he did not hear any instruction to separate or stop issued by Sergeant Young and/or Sergeant Blanchard. The Commission found "the fact that the Appellant may not have heard a verbal command because he was engaging in misconduct is no excuse or defense to the charge of Instructions from an Authoritative Source." Officer Daggs cited no legal authority for his defense that he did not hear the instruction. Hence, the NOPD had cause to discipline Officer Daggs.
In Williams v. Dep't of Police, 00-1596, pp. 4-5 (La. App. 4 Cir. 4/11/01), 784 So. 2d 813, 816, Officer Williams received a three-day suspension for violating an instruction from an authoritative source. This Court found the three-day suspension commensurate with the offense.
Therefore, as the authority to reduce a penalty can only be exercised if there is insufficient cause for imposing the greater penalty, a rational basis exists for the Commission's decision denying the appeal and upholding the discipline imposed by the NOPD.

DECREE
For the above mentioned reasons, we find that the Commission did not err and affirm.
AFFIRMED
NOTES
[1] It is uncontested that Officer Fulton received a letter of reprimand as a result of this incident.
[2] The disciplinary letter was not made a part of the record.
[3] Sergeant Blanchard was unavailable to testify. Mr. Pendergast, on behalf of Officer Daggs, stipulated if Sergeant Blanchard were called to testify, Sergeant Blanchard would verify that he instructed Officer Daggs and Officer Fulton to stop.