DAVID S. GORBATY, Judge.
11 In this appeal, Reynolds Rigney and Jake Schnapp contend that the Civil Service Commission erroneously denied their appeals and upheld their terminations. For the reasons set forth below, we affirm.

FACTS AND PROCEDURAL HISTORY

On December 30, 2006, appellant Jake Schnapp was in command of a plainclothes contingent of New Orleans police officers *863 in the French Quarter. The officers executed a stop and “hard takedown” of a pedestrian, Ronald Coleman, who was either identified by an alleged victim as a pickpocket, or suspected of having been smoking marijuana at the time. A search of Coleman and the area after the take-down revealed no evidence of either crime. The police contingent took Coleman, who was injured in the incident, to the Eighth District Police Station a block away. There, the police offered him medical treatment, which he declined, and released him without booking him into custody. Coleman subsequently complained to the Police Integrity Bureau (“P.I.B.”), which conducted an investigation. Ultimately, one of the policemen, Reynolds Rigney, |2was charged with using excessive force on Coleman during the takedown. Schnapp was charged with neglect of duty and injuring public records.
Initially, the Deputy Superintendent recommended suspension for both officers. That recommendation was overruled by Chief Warren Riley, who terminated both appellants on July 3, 2007. Hearing Officer Harry Tervalon heard testimony in this matter and recommended reinstatement of the officers. The Civil Service Commission (“CSC”) overruled the Hearing Officer on October 15, 2008 and maintained the terminations. Appellants subsequently filed this appeal.

DISCUSSION

Appellants argue that the CSC’s dismissal of them appeals was arbitrary, capricious, an abuse of discretion, and a denial of due process.
The CSC has authority to “hear and decide” disciplinary cases and to modify, reverse, or affirm a penalty. La. Const. Art. X sec. 12; Pope v. New Orleans Police Dept., 04-1888 (La.App. 4 Cir. 4/20/05), 903 So.2d 1. The Commission is to reduce a penalty when there is insufficient cause for imposing the greater penalty. Id. at 4. The Appointing Authority must prove by a preponderance of the evidence that the complained of activity or dereliction occurred, and that it bore a real and substantial relationship to the Appointing Authority’s efficient operation. Cure v. Dept. of Police, 07-0166, p. 2 (La.App. 4 Cir. 8/1/07), 964 So.2d 1093, 1094, citing Marziale v. Dept. of Police, 06-0459, p. 10 (La.App. 4 Cir. 11/8/06), 944 So.2d 760, 767. In determining whether disciplinary action was based on good cause and whether the punishment was commensurate with the infraction, this 13court modifies the CSC’s order if it was arbitrary, capricious, or characterized by an abuse of discretion. Id. A decision is “arbitrary and capricious” if there is no rational basis for the CSC’s action. Cure, 07-0166, p. 2, 964 So.2d at 1095.
Schnapp argues that he did not violate La. R.S. 14:132, injuring public records. He wrote a Signal 21 Report naming every officer involved, including Rig-ney. A Use of Force Report was not required by law to be filed or deposited. Such a report is not a public record, but rather an internal document. Further, since Coleman was not arrested, Schnapp was not required to write a formal police report, but he did. Thus, Schnapp argues, his termination was inappropriate. Schnapp documented the incident by authoring a Signal 21 Miscellaneous Incident Report and a Resisting Arrest Report. In the Signal 21 Report, Schnapp stated that the first officer to reach Coleman:
[Attempted to physically detain him while simultaneously identifying himself as a police officer. The force in which Ronald Coleman turned coupled with the fact that the ground was wet and it was raining caused both the investigator *864 and Ronald Coleman to fall to the ground.
His Resisting Arrest Report states:
Investigators attempted to detain Ronald Coleman. Ronald Coleman and one of the investigators fell to the ground. At that point Ronald Coleman was flailing his arms and kicking his legs. Subject was ultimately handcuffed by the investigators. Subject was unaware at first that the investigators were plainclothes police officers.
The incident occurred directly outside a bar, The Copper Monkey, located at 725 Conti Street. Unbeknownst to the police officers, the incident was captured by a surveillance camera in the bar that produced a digital video recording (“DVR”) of the incident. P.I.B. investigators recovered the DVR.
14The DVR contradicted Schnapp’s written reports in that it: (1) showed no attempt by any police officer to display a badge or prove authority to Coleman; (2) showed Coleman being taken down by several officers simultaneously; (3) showed Coleman being taken down by use of force rather than by an accidental slip and fall on a wet sidewalk; and (4) showed Coleman having been completely subdued on his stomach by several officers while Rig-ney delivered a series of blows to Coleman’s back with his knee and fist, while Schnapp watched. The P.I.B. concluded that Schnapp had minimized the incident by failing to report all of the officers involved in the takedown, the manner of its occurrence, and omitting the use of force by Rigney.
Schnapp is essentially accused of misstating facts in records of an arrest. The record is replete with support for the CSC’s decision to terminate him. We find that the CSC did not abuse its discretion in upholding his dismissal.
Rigney avers that the CSC erred in concluding that he used excessive force or committed a second-degree battery upon Coleman. He argues that he did not intend to inflict serious bodily injury. Further, he contends that Coleman was not injured seriously, as he did not lose consciousness or experience extreme physical pain.
Coleman was treated at Ochsner Hospital for a concussion. Further, the DVR showed Rigney beating and punching him repeatedly. It cannot be said that the CSC abused its discretion in finding that Rigney used excessive force in the incident. This assignment of error has no merit.
Appellants further argue that the tardiness of the CSC’s decision in violation of its own rules deprived them of due process.
Appellants were given an opportunity to be heard at a “meaningful” time before lfithey were terminated. See Hamilton v. Royal International Petroleum Corp., 05-0846 (La. 2/22/06), 934 So.2d 25. Although the CSC may not have issued its ruling timely in accord with its own regulations, there is no penalty or consequence attached to such default that would entitle appellants to reversal. This assignment of error lacks merit.

CONCLUSION

Accordingly, for the foregoing reasons, the judgment of the trial court is affirmed.

AFFIRMED.

MURRAY and TOBIAS, JJ., concur and assign reasons.