| ]The New Orleans Police Department (“NOPD”) appeals from a decision by the Civil Service Commission of the City of New Orleans (“CSC”) that reduced the discipline given to appellee, Sergeant Precious Banks, by the NOPD. For the reasons that follow, we affirm the CSC.
 

 The facts are not in dispute. On 14 November 2008 at approximately 10:30 p. m., Sergeant Banks and a new recruit responded to a call made by Rodney Sterling, who claimed that his truck had been stolen. Mr. Sterling reported that he had taken the truck to his girlfriend’s house and when he went to depart, the vehicle was gone. He reported that his vehicle was stolen to the NOPD.
 

 
 *1092
 
 Sergeant Banks and the recruit located the truck by utilizing its “On-Star” navigation system. They called Mr. Sterling to come and get the truck. They learned that he had received a message from his wife that she had taken the truck and would not reveal its location until he returned her call.
 

 Sergeant Banks called Mrs. Sterling who, after being confronted with the voice mail communication, admitted that she had taken her husband’s vehicle to bget his attention. Apparently, one week earlier, Mr. Sterling left his wife for another woman. Mrs. Sterling defended her actions stating that she was still married and that the truck belonged to both she and her husband as community property.
 

 In response to the unusual facts, Sergeant Banks investigated further. She confirmed that the Sterlings were recently separated, that the truck was registered to Mr. Sterling, and that he was the only driver of the vehicle. Unsure how to proceed, Sergeant Banks called her immediate supervisor, Lieutenant Michael Mims, and the on-call domestic officer, Detective Charles Baehr. Detective Baehr testified that domestic violence could potentially include non-physical acts, including taking another’s property without permission. Lieutenant Mims testified and confirmed that he approved Sergeant Banks’ decision to arrest Mrs. Sterling for violating a municipal ordinance relative to acts of domestic violence. Mrs. Sterling spent the weekend in Central Lock-up; the charges were later dropped.
 

 Mrs. Sterling filed a complaint of false arrest against Sergeant Banks. The matter was investigated, and three different violations were sustained against Sergeant Banks by the investigating officer.
 

 Sergeant Banks’ commander, Major Bruce Little, convened a Commander’s Hearing to review the investigator’s findings. Major Little determined that two of the violations were inclusive and duplica-tive, dismissed them, but found that the third one was valid, specifically: “Rule 4: Performance of Duty; paragraph 4-(^Neglect of Duty, to wit. Section 4C1; Enumerated Acts/Omissions,” while acting in a supervisory capacity/leadership role failed to take appropriate police action when she arrested an individual for unauthorized use of her own property. Major Little recommended the minimum penalty set forth in the Department’s penalty schedule for a category one offense, a Letter of Reprimand, as the appropriate discipline for the violation. Major Little forwarded his findings and recommendation up through the chain of command.
 

 Deputy Superintendent Kirk Bouyelas, the final reviewer prior to the matter reaching the Superintendent of Police, made a recommendation for a five-day suspension for the violation, rather than the proposed Letter of Reprimand. In his forwarding document to the Superintendent, Deputy Superintendent Bouyelas argued that the violation was actually a category two infraction because the wife was arrested and spent the weekend in jail.
 

 The Superintendent of Police, Warren Riley, as the Appointing Authority, had the final discretion to determine what, if any, discipline should be imposed. In his Disciplinary Letter, dated 1 September 2009, the Superintendent adopted Deputy Superintendent Bouyelas’ recommendation, and imposed the five-day suspension.
 

 Sergeant Banks appealed her suspension to the CSC. The appeal was heard by a hearing officer who found that the facts did not support the contention that Sergeant Banks had neglected her duty and recommended that the appeal be granted, overturning any discipline. The CSC reviewed the transcript, and | rendered a split decision, overturning the five-day suspension, and reducing the discipline to a
 
 *1093
 
 Letter of Reprimand.
 
 [1]
 
 The NOPD then filed this appeal.
 

 An employee who has gained permanent status in the classified city civil service cannot be subjected to disciplinary action by his employer except for cause expressed in writing. La. Const. art. X, § 8(A);
 
 Walters v. Department of Police of New Orleans,
 
 454 So.2d 106 (La.1984). The employee may appeal from such a disciplinary action to the CSC. The burden of proof on appeal, as to the factual basis for the disciplinary action, is on the appointing authority.
 
 Id.; Goins v. Department of Police,
 
 570 So.2d 93 (La.App. 4th Cir.1990).
 

 The CSC has a duty to decide independently from the facts presented whether the appointing authority has good or lawful cause for taking disciplinary action and, if so, whether the punishment imposed is commensurate with the dereliction.
 
 Walters, supra.
 
 Legal cause exists whenever the employee’s conduct impairs the efficiency of the public service in which the employee is engaged.
 
 Cittadino v. Department of Police,
 
 558 So.2d 1311 (La. App. 4th Cir.1990). The Appointing Authority has the burden of proving by a preponderance of the evidence the occurrence of the complained of activity and that the conduct complained of impaired the efficiency of the public service.
 
 Id.
 
 The appointing authority must also prove the actions complained of bear a real and substantial relationship to the efficient operation of the public service.
 
 Id.
 
 While these facts |smust be clearly established, they need not be established beyond a reasonable doubt.
 
 Id.
 

 The decision of the CSC is subject to review on any question of law or fact upon appeal to this court, and findings of fact are reviewed using the manifestly erroneous/clearly wrong standard of review. La. Const. art. X, § 12;
 
 Cure v. Department of Police,
 
 07-0166, p. 2 (La. App. 4 Cir. 8/1/07), 964 So.2d 1093, 1094. In determining whether the disciplinary action was based on good cause and whether the punishment is commensurate with the infraction, this court cannot modify the CSC order unless it is arbitrary, capricious, or characterized by an abuse of discretion.
 
 Id.
 
 A decision of the CSC is “arbitrary and capricious” if no rational basis exists for the action taken by it.
 
 Cure,
 
 07-0166 at p. 2, 964 So.2d at 1095.
 

 The NOPD’s investigation determined that Sergeant Banks neglected her duty by arresting Mrs. Sterling for taking her own property because the truck was ultimately determined to be community property. Sergeant Banks defended her action by contending that she acted reasonably based on the information she had at the time, her training, and the advice she received from her immediate supervisor. Sergeant Banks testified that she was unfamiliar with community property law and that she never received any training from the NOPD regarding the marital regime. She stated that she relied on the ordinances she knew that defined the owner of a vehicle as the person who was named in the registration papers. She also relied | fiupon the guidance received from her immediate supervisor, Lieutenant Mims, who also testified that he had had no training regarding community property.
 

 Finally, Assistant Superintendent Bouyelas testified that he made his recommendation without knowing that Sergeant Banks spoke to her immediate supervisor and made the arrest with his authorization. He stated that his recommendation would
 
 *1094
 
 have been different if he had that information before making it.
 

 In light of the testimony in the record, we find that the CSC had a rational basis for reducing the discipline imposed on Sergeant Banks from a five-day suspension to a Letter of Reprimand. Thus, based on the foregoing, we affirm the decision of the CSC.
 
 [2]
 

 AFFIRMED.
 

 [1]
 

 . Two members of the CSC agreed with the hearing officer, while the dissenting Commissioner indicated that she would have overturned and set aside the discipline in its entirety.
 

 [2]
 

 . Sergeant Banks, in the alternative to affirming the decision of the CSC, requested that we overturn the CSC’s decision and set aside all discipline imposed upon her. Because Sergeant Banks did not answer the appeal, we cannot do so.
 
 See
 
 La. C.C.P. art. 2133.