Judge Daniel L. Dysart
Corey Clark appeals the March 20, 2018 judgment of the Civil Service Commission denying his appeal of his termination from his permanent, classified employment with the New Orleans Police Department. For the reasons that follow, we affirm.
BACKGROUND:
Corey Clark ("Clark"), an officer with the New Orleans Police Department ("NOPD") was dispatched on July 6, 2013, to an address in New Orleans East to respond to a Signal 35 (simple battery), with a possible Signal 43 (simple rape).[1] The initial report prepared by Clark indicated that he and Officer Brian Boyd[2] spoke with the victim, who reported that an acquaintance had grabbed her by both arms, twisted them behind her back, grabbed her hair and slapped her face. She stated that the acquaintance had also slammed her onto a bed and pinned her down. These facts were identical to those used by Clark to obtain an arrest warrant for the suspect, who was eventually arrested and tried for forcible rape.
The omission from the report of a charge of rape came to light when the victim was assigned a victim witness coordinator for the reported simple battery charge, to whom the victim reported that she was also raped on July 6, 2013. The coordinator reported this information to the Sex Crimes Unit, which precipitated the investigation into whether Clark had neglected to report the rape.
At the criminal trial of the suspect, Clark explained that the victim had reported to him that she had been raped, but that she insisted on not reporting the rape, as she did not want to submit to a medical examination. Clark also admitted at trial that he was aware of the non-discretionary NOPD policy requiring officers to report all incidents of sexually-based offenses to the Sex Crimes Unit. In addition to not reporting the rape, Clark admitted that a former NOPD officer was present at the scene, but Clark determined that his presence was not germane to the incident, and also failed to include his name in the report.
Following the criminal trial, an article appeared in the local newspaper documenting that a NOPD officer had neglected to report a rape. A complaint was lodged against Clark by a ranking officer with the Public Integrity Bureau.
*747 After an investigation and hearing, it was recommended that Clark be cited for violating the following rules/policies of the NOPD:[3]
Rule 4, Performance of Duty; Paragraph 2; Instructions from an Authoritative Source, to wit, NOPD Policy 600.2 (b-2) - "An officer responsible for an initial investigation shall complete no less than the following ... If information indicates a crime has occurred, the officer shall .... Determine if additional investigative resources (e.g., investigators or scene processing) assistance is necessary and request assistance as required."
Rule 6: Official Information; Paragraph 2; False or Inaccurate Reports - "An employee shall not knowingly make, or cause or allow to be made, a false or inaccurate oral or written report of an official nature, or intentionally without material matter from such report or statement."
A hearing was held on November 30, 2016. Clark testified that the call for service on July 6, 2013, was his first call for a sexual assault matter. He admitted that he should have notified the Sex Crimes Unit, and that he believed the allegation of rape was material to the incident; however, he stated that he "forgot" to include the allegation of rape because he was busy doing so many other things relative to the call and because the victim did not want to report the rape.
A disciplinary letter dated November 30, 2016, was signed by Chief Michael Harrison, accepting Deputy Chief Paul Noel's recommendation for discipline. The letter indicates that Clark was terminated for creating and submitting a simple battery report and intentionally withholding material information that a rape had occurred, a violation of Rule 6. Additionally, he was disciplined for violation of Rule 4, which occurred when he failed to properly notify the Sex Crimes Unit after the victim reported the rape.
On September 7, 2017, a hearing before a referee appointed by the Civil Service Commission ("CSC") was held. Clark testified that it was his understanding that if a victim did not want to report a crime, that there was no crime for reporting purposes. Clark stated that another motivation for not reporting the rape was the victim's desire for privacy. On March 20, 2018, the CSC denied Clark's appeal, and this appeal followed.
DISCUSSION:
A. Standard of Review
An appointing authority may discipline an employee with permanent status in the classified service for sufficient cause. La. Const. Art. X, § 8 (A). If an employee believes that an appointing authority issued discipline without sufficient cause, the employee may appeal to the CSC. Id. In an appeal before the CSC brought pursuant to Article X, § 8(A) of the Louisiana Constitution, the appointing authority has the burden of proving, by a preponderance of the evidence: 1) the occurrence of the complained of activity; and 2) that the conduct complained of impaired the efficiency of the public service in which the appointing authority is engaged. Fulton v. Dep't of Police , 17-0523, p. 4 (La.App. 4 Cir. 12/6/17), 234 So.3d 107, 110, writ denied , 18-0016 (La. 2/23/18), 237 So.3d 515 (quotations omitted). If the CSC determines that the appointing authority has met its initial burden and had sufficient cause to issue discipline, it must then determine *748 if that discipline "was commensurate with the infraction." Abbott v. New Orleans Police Dep't, 14-0993, p. 7 (La.App. 4 Cir. 2/11/15), 165 So.3d 191, 197 (citing Walters v. Dep't of Police of City of New Orleans, 454 So.2d 106, 113 (1984) ).
The decision of the CSC "is subject to review on any question of law or fact upon appeal to this Court, and this Court may only review findings of fact using the manifestly erroneous/clearly wrong standard of review." Cure v. Dep't of Police , 07-0166, p. 2 (La.App. 4 Cir. 8/1/07), 964 So.2d 1093, 1094 (citing La. Const. Art. X, § 12 (B) ). "In determining whether the disciplinary action was based on good cause and whether the punishment is commensurate with the infraction, this Court should not modify the [CSC] order unless it was arbitrary, capricious, or characterized by an abuse of discretion." Id., p. 2, 964 So.2d at 1094-95. A decision of the CSC is "arbitrary and capricious" if there is no rational basis for the action taken by the CSC. Id., 964 So.2d at 1095.
B. Assignments of Error
In his first assignment of error, Clark argues that the CSC erred when it found that the NOPD had established lawful cause to discipline him. Clark admits that the victim reported that she had been both battered and sexually assaulted, yet he argues that he was justified in not including the rape in his report as he was honoring the victim's request. He further cites to NOPD's policy of not including references to sexual assault in the initial incident report, and states that he was not legally obligated to investigate the sexual assault.
To establish that Clark violated the NOPD rule prohibiting false and inaccurate reporting, the appointing authority must prove: 1) that a violation of interdepartmental rules or policies occurred; and 2) that the violation impaired the efficient operation of the department. Legal cause for disciplinary action exists whenever the employee's conduct impairs the efficiency of the public service in which the employee is engaged. Saacks v. City of New Orleans, 95-2074, p.12 (La.App. 4 Cir. 11/27/96), 687 So.2d 432, 440.
Here, Clark admitted that the victim told him that she had been raped, and that he was aware of the rule to notify the Sex Crimes Unit of the rape. When testifying at the disciplinary hearings and the criminal trial of the perpetrator, Clark gave different reasons for not reporting the rape. His testimony varied from the victim not wanting to report it (she did not want a medical examination), the victim asked that her privacy be respected, he was instructed not to put allegations of sexual assault in initial reports, and he was told that without a victim there was no crime. Clark also testified that he "forgot" to include the rape in the report as he was "doing so many things at one time," presumably at the time of the initial call.
The CSC specifically stated that it found Clark not to be a credible witness. Based on our review of the record, we agree. Clark admitted that he knew he was bound to notify the Sex Crimes Unit of the rape allegation, yet despite this knowledge, he knowingly withheld the information.
The failure of Clark to report the rape seriously impaired the efficient operation of the NOPD. First, the victim was deprived of the opportunity to receive the counseling and advice to which she was entitled as a sex crime victim. Second, the local media coverage of Clark's handling of the rape subjected the NOPD to criticism and diminished its reputation in the community. Clearly, Clark's misconduct had an *749 adverse impact on the NOPD's efficient operations.
We find no error in the CSC's finding of lawful cause to discipline Clark.
In his second assignment of error, Clark argues that his discipline was not commensurate with the violation.
The CSC found that Clark knowingly withheld material information from his initial investigative report in violation of NOPD Rule 6, Paragraph 2. NOPD argues that it considers this type of conduct to be deception-based and renders an officer unemployable. It reasons that Clark's arbitrary decision to withhold material information from a police report impacts his credibility when preparing police reports, affidavits or testimony in criminal matters. Indeed, defense counsel in the underlying rape trial challenged Clark's credibility by pointing out that he had omitted any reference to a rape in the initial report.
The punishment imposed on a police officer for violating police department rules must be commensurate with the dereliction. Walters, 454 So.2d at 113. "The discipline must have a rational basis to be commensurate with the dereliction or else it is arbitrary and capricious." Waguespack v. Dep't of Police , 12-1691, p. 5 (La.App. 4 Cir. 6/26/13), 119 So.3d 976, 978 (citations omitted). Though not all violations are sufficient for disciplinary action, the reviewing court may deem disciplinary action to be "arbitrary and capricious unless there is a real and substantial relationship between the improper conduct and the efficient operation of the public service." Macelli v. New Orleans Police Dep't, 98-1441, pp. 4-5 (La.App. 4 Cir. 10/21/98), 720 So.2d 754, 756 (citations omitted).
We find that the NOPD has demonstrated a real and substantial relationship between Clark's conduct and the efficient operation of the NOPD. We further find no error in the CSC's decision to affirm the NOPD's recommendation to terminate Clark's employment.
Accordingly, for the foregoing reasons, we affirm the CSC's denial of Clark's appeal.
AFFIRMED

Clark asserts that the call was a Signal 21, a miscellaneous incident.

Boyd later resigned from NOPD.

Clark was also cited for violation of two other rules/policies, but those charges were deemed unfounded.