CHRISTOPHER DURNING     *      NO. 2019-CA-0987

VERSUS                *

                         COURT OF APPEAL

NEW ORLEANS POLICE     *

DEPARTMENT            FOURTH CIRCUIT

                    *

                         STATE OF LOUISIANA

* * * * * * *

APPEAL FROM
CITY CIVIL SERVICE COMMISSION ORLEANS
NO. 8837 & 8875
* * * * * *
**Judge Roland L. Belsome**
* * * * * *
(Court composed of Judge Roland L. Belsome, Judge Joy Cossich Lobrano, Judge Rosemary Ledet)

Eric J. Hessler
ATTORNEY AT LAW
2802 Tulane Avenue
Suite 102
New Orleans, LA 70119

      COUNSEL FOR PLAINTIFF/APPELLEE

William R. H. Goforth
Megan A. Haynes
ASSISTANT CITY ATTORNEY
Elizabeth S. Robins
DEPUTY CITY ATTORNEY
Churita H. Hansell
CHIEF DEPUTY CITY ATTORNEY
Donesia D. Turner
SENIOR CHIEF DEUPTY CITY ATTORNEY
Sunni J. LeBeouf
CITY ATTORNEY
1300 Perdido Street
Suite 5E03
New Orleans, LA 70112

      COUNSEL FOR DEFENDANT/APPELLANT

                              **AFFIRMED**
                            **MARCH 25, 2020**

This appeal is from the Civil Service Commission's ("Commission") decision to reinstate Officer Christopher Durning. For the reasons that follow, the Commission's decision is affirmed.

***Facts and Procedural History***

The facts of this case are undisputed. Traveling in his New Orleans Police Department ("NOPD") vehicle, at approximately 5:00 a.m., on the morning of August 14, 2018, Officer Durning reported to the Louisiana National Guard Camp Villere, in Slidell, Louisiana for his annual firearm recertification training. After shooting the night portion of the training, Officer Durning interacted with range instructor Sergeant Shelia Matthews. During that interaction, Sergeant Matthews detected the smell of alcohol on Officer Durning's breath. Sergeant Matthews notified Detective Carl Thibodeaux of the NOPD's Public Integrity Division ("PID"), who was also participating in recertification training. Likewise, Detective Thibodeaux noticed the smell of alcohol on Officer Durning's breath.

1

Detective Thibodeaux transported Officer Durning to Innovative Risk Management, where he was given two breathalyzer tests approximately twenty-five minutes apart. The tests indicated a blood alcohol concentration ("BAC") of 0.063% and 0.058%, respectively.[1] Officer Durning was immediately placed on emergency suspension.

Officer Durning's suspension lasted thirty-eight days; and he returned to work on September 21, 2018. After a disciplinary proceeding, he was terminated on December 5, 2018. His discipline was based on the following violations:

1.) Rule 3 Professional Conduct; Paragraph 8, Use of Alcohol on Duty

Members shall not drink intoxicating beverages while on duty except in the performance of duty and while acting under proper and specific orders from a superior officer. Members shall not appear for duty, or be on duty, while under the influence of intoxicants to any degree whatsoever, or with an odor of intoxicants on their breath;

and

2.) Rule 4 Performance of Duty, Paragraph 4 Neglect of Duty (C6) to wit CAO - Policy Memorandum No. 89

An employee or other whose blood alcohol level (BAC) is at or over 0.04% during work time or while operating City vehicles/equipment is in violation of the Substance Abuse Policy. The moderate use of alcohol at authorized City functions is not prohibited by this policy.

The penalty for his violation of the use of alcohol while on duty was termination, and he received a one-day suspension for his BAC being over 0.04% while operating his NOPD vehicle. Officer Durning appealed his termination to the Commission. The Commission held a hearing on January 31, 2019. After hearing

---

[1]In Louisiana, a BAC of .08% is the legal presumption of intoxication for persons 21 years of age and older. *See* La. R.S. § 14:98.

the appeal and reviewing the evidence, the Commission granted the appeal in part and denied the appeal in part. Officer Durning was reinstated, his discipline was reduced to an eighty-day suspension for his violation of the use of alcohol while on duty, and the one-day suspension for the driving violation was affirmed. The NOPD filed this appeal.

## Assignments of Error

On appeal, the NOPD maintains that the Commission abused its discretion 1) when it determined that the discipline of termination from employment was not commensurate with Officer Durning's offense, and 2) when it reduced the final discipline from a dismissal to a suspension of eighty-one days.

## Standard of Review

La. Const. Art. X, § 8 (A) provides that a classified employee against whom disciplinary action has been taken "shall have the right of appeal" at which time, the "burden of proof . . . shall be on the appointing authority." *Id.* In the appeal, "the appointing authority [here, the NOPD] has the burden of proving, by a preponderance of the evidence: 1) the occurrence of the complained of activity; and 2) that the conduct complained of impaired the efficiency of the public service in which the appointing authority is engaged." *Clark v. Dep't of Police*, 18-0399, p. 4 (La. App. 4 Cir. 10/10/18), 257 So.3d 744, 747. On appeal, the Commission is required to "determine independently from the facts presented whether the legal cause for disciplinary action has been established and, if so, whether that disciplinary action is commensurate with the employee's detrimental conduct." *Honore' v. Dep't of Pub. Works*, 14-0986, pp. 8-9 (La. App. 4 Cir. 10/29/15), 178 So.3d 1120, 1127. The Commission "has the duty and authority to affirm, reverse,

3

or modify the action taken by the Appointing Authority." *Id.*, p. 9, 178 So.3d at 1127.

On appeal, this Court reviews the Commission's factual findings under a clearly wrong or manifest error standard of review. *Charles v. New Orleans Police Dep't*, 19-0115, p. 2 (La. App. 4 Cir. 6/19/19), 274 So.3d 914, 916, *writ denied*, 19-01144 (La. 10/8/19), 280 So.3d 589. When evaluating the Commission's finding that a disciplinary action was based on a legal cause and commensurate with the infraction, the Commission's determination will only be disturbed if it was "arbitrary, capricious, or characterized by abuse of discretion." *Id.*, quoting *Bannister v. Dep't of Streets*, 95-0404, p. 8 (La. 1/16/96), 666 So.2d 641, 647. Thus, for the Commission's decision to be arbitrary or capricious there must be no rational basis for the action taken. *Id.*

During Officer Durning's appeal, the Commission heard from several witnesses, including Officer Durning, regarding the events of August 14, 2018, and the subsequent investigation and discipline. The testimony established that August 13th was Officer Durning's birthday. He testified that he had watched a baseball game and drank some vodka and four or five beers before going to bed. Officer Durning further stated he woke up around 3:30 a.m. to get to the shooting range for 5:00 a.m. He testified that he left his house without showering. He claimed that at no time that morning did he feel impaired or did he believe he was under the influence of alcohol.

The Commission also heard the testimony of Sergeant Wayne Jacque of the Public Integrity Bureau. According to his testimony, on the morning of August 14, 2018, Sergeant Jacque received a phone call informing him that Detective Carl Thibodeaux had witnessed, and was advised of an officer under the influence. He

4

confirmed that although two officers detected the smell of alcohol on Officer Durning, neither officer noticed any signs of cognitive or physical impairment.[2] Sergeant Jacque instructed Detective Thibodeaux to transport Officer Durning to the Innovative Risk Management office on Canal Street in New Orleans, where he met them. Sergeant Jacque also confirmed that during his interaction with Officer Durning, Officer Durning showed no physical or cognitive signs of impairment.

Also testifying at Officer Durning's appeal was Deputy Superintendent of the Field Operations Bureau Paul Noel, who was one of three hearing officers that conducted the disciplinary proceeding in this matter. Deputy Superintendent Noel explained to the Commission how the hearing officers determined that termination was warranted, stating that the NOPD has a disciplinary matrix which is used as a guideline. The discipline matrix for this violation starts at a sixty-day suspension, then an eighty-day suspension, and the most severe being termination. Superintendent Noel admitted that the presumptive penalty would be an eighty-day suspension, but he further explained that the hearing officers chose to aggravate up to termination, even though he knew of other similar situations that did not result in termination. Superintendent Noel acknowledged that the primary aggravating circumstance was that Officer Durning discharged his weapon at the fire range under the influence of alcohol.[3]

In consideration of all the evidence presented to the Commission, the Commission upheld Officer Durning's one-day suspension for driving the NOPD

---

[2] Collectively, Sergeant Matthews and Detective Jacque have decades of experience on the police force, which includes training to identify people that are under the influence of intoxicants.

[3] Although he mentioned that driving under the influence was also an aggravating circumstance, that violation only resulted in a one-day suspension.

vehicle while under the influence of alcohol, reduced his termination to the presumptive penalty of an eighty-day suspension. In so doing, the Commission found that the NOPD proved by a preponderance of the evidence that Officer Durning committed the offense of reporting to work under the influence of alcohol and with the smell of alcohol on his breath. They further determined that such a violation undoubtedly endangers him/her, his/her co-workers, and the general public. However, the Commission found that the NOPD did not meet its burden in proving that the discipline was commensurate with the offense and was therefore arbitrary and capricious.

The Commission's discussion on discipline included consideration of the presumptive penalty of an eighty-day suspension for a first-time violation of NOPD's rule regarding the use of alcohol while on duty. The Commission acknowledged that the NOPD is not bound by the penalty matrix, but in order to vary from the presumptive penalty the NOPD must establish aggravating or mitigating circumstances. Again, as testified to by Superintendent Noel, the sole aggravating circumstance used to enhance the penalty was the discharge of his firearm. The Commission noted that although such action is troubling, Officer Durning discharged his firearm at an inanimate target, in a controlled environment, away from the general public, and without incident.

The Commission further found that NOPD's discipline varied from the presumptive penalty due to an aggravating circumstance without considering any

of the mitigating circumstances. In its discussion of mitigating circumstances, the

Commission wrote:

> First, none of the NOPD supervisors with whom Appellant
> interacted on August 14th witnessed Appellant displaying any
> outward signs of impairment. These supervisors had extensive
> experience within NOPD and were trained to recognize and interact
> with intoxicated personnel. Yet, there was no evidence that
> Appellant's motor skills were compromised, no evidence that he was
> slurring his speech, and no evidence that the alcohol he consumed the
> night before had any impact on Appellant's cognitive abilities. The
> only outward sign of possible intoxication was the smell of alcohol on
> Appellant's breath. Secondly, Appellant did not interact with any
> members of the public on August 14th and did not execute any police
> powers. This may have been the result of quick acting supervisors, but
> such quick action does not change the fact that Appellant did not
> present as intoxicated to any member of the public. Finally, Appellant
> was below the legal limit of BAC for the purposes of operating a
> vehicle while intoxicated under Louisiana law. The Commission
> makes this observation, not to endorse Appellant's conduct, but to
> emphasize that the degree to which Appellant was under the influence
> was relatively low based upon his BAC only.

In conclusion, the Commission disagreed that the NOPD established

sufficient aggravating circumstances to warrant termination of an eleven-year

veteran for the first-time violation of the rule against use of alcohol while on duty.

Thus, the termination was not commensurate with the defense and deemed to be

arbitrary and capricious.

## *Conclusion*

Upon review of the record before this Court, and the well-reasoned decision

by the Commission, we cannot find the ruling to reduce Officer Durning's

discipline to an eighty-day suspension was manifestly erroneous or clearly wrong.

7

Therefore, the Commission did not abuse its discretion.  Accordingly, the

Commission's decision is affirmed.

**AFFIRMED**