JAMES F. McKAY III, Chief Judge.
Lin this consolidated appeal, Officer Mathew Patin, Captain Frederick Morton, and Sergeant Joseph Catalanotto appeal the judgments of the Civil Service Commission of the City of New Orleans denying their appeals of the discipline imposed by the appointing authority. All of the appellants are members of the New Orleans Police Department (NOPD) with permanent status.
Each of the appellants formed a limited liability company (LLC) for the purpose of administering and coordinating paid off-duty details performed by NOPD officers.[1] Because of this the NOPD initiated internal investigations of each of them for violating Rule 4, Performance of Duty, Paragraph 2, Instructions from an Authoritative Source, more particularly NOPD Operations Manual Chapter 22.8, Paid Details, Paragraph 43. Paragraph 43 provides: “[m]embers of this department are prohibited from forming any corporation, company, trust, fund, or cooperative banking account for the purpose of billing, receiving compensation, or offering services of paid details.” It was determined that each of the appellants 12was in violation of Rule 4 and each received a three day suspension and was prohibited from working paid details for a period of six months. Each of the appellants appealed to the Civil Service Commission, which denied their appeals. It is from these judgments that the appellants now appeal to this Court.
On appeal, the appellants argue that the Civil Service Commission erred in finding the existence of legal cause to discipline them.
The burden of proof on appeal to the Civil Service Commission is on the appointing authority. Cure v. Dept. of Police, 07-0166, p. 2 (La.App. 4 Cir. 8/1/07), 964 So.2d 1093, 1094, citing Marziale v. Dept. of Police, 06-0459, p. 10 (La.App. 4 Cir. 11/8/06), 944 So.2d 760, 767. The decision of the Civil Service Commission is subject to review on any question of law *478 or fact upon appeal to this Court, and this Court may only review findings of fact using the manifestly erroneous/clearly wrong standard of review. La. Const. art. X, § 12(B); Cure, 07-0166, p. 2, 964 So.2d at 1094. In determining whether the disciplinary action was based on good cause and whether the punishment is commensurate with the infraction, this Court should not modify the Civil Service Commission determination unless it is arbitrary, capricious, or characterized by an abuse of discretion. Id. A decision by the Civil Service Commission is “arbitrary or capricious” if there is no rational basis for the action taken by the Civil Service Commission. Cure, 07-0166, p. 2, 964 So.2d at 1095. The appointing authority has the burden of proving, by a preponderance of the evidence, that the complained of activity or dereliction occurred, and that such dereliction bore a real and ^substantial relationship to the efficient operation of the appointing authority. Cure, 07-0166, p. 2, 964 So.2d at 1094, citing Marziale, 06-0459 at p. 10, 944 So.2d at 767.
The appellants all admit that they formed LLC’s for the purpose of administering paid off-duty police details. There is no question that these actions are in violation of NOPD Rule 4.
The NOPD contends that the appellants’ actions impaired the efficient operation of the department. The NOPD argues that their formations of LLC’s for coordinating paid details constitutes selling the services of other officers and it disrupts the chain of command. The NOPD takes the position that when an officer is selling the services of other officers, it disrupts the hierarchy of the department. It argues that creating an LLC to operate paid details creates a conflict of interest, or at least the appearance thereof, and it creates a breach of the public’s trust. The NOPD’s argument appears to be valid; the appellants’ formation of LLC’s for purposes of coordinating off-duty details bears a real and substantial relationship to the efficient operation of the department.
We must now turn to the question of whether the appellants’ discipline was commensurate with their dereliction. The punishment imposed by the appointing authority must be commensurate "with the dereliction. Walters v. Dept. of Police of the City of New Orleans, 454 So.2d 106, 114 (La.1984). The discipline must have a rational basis to be commensurate with the dereliction or else it is arbitrary and capricious. Staehle v. Dept, of Police, 98-0216 (La.App. 4 Cir. 11/18/98), 723|4So.2d 1031, 1033. Other officers who committed the same infraction all received the same discipline. Accordingly, the discipline was commensurate with the dereliction and was not arbitrary or capricious.
For the above and foregoing reasons, we affirm the Civil Service Commission’s denials of the appeals of Officer Matthew Pa-tin, Captain Frederick Morton and Sergeant Joseph Catalanotto.
AFFIRMED

. Officer Patín formed an LLC for the purpose of helping him manage the compensation he received from Bait Car Television for a detail he coordinated. Capt. Morton formed an LLC named "Rosewood Watchmen” for the purpose of coordinating paid off-duty details. Sgt. Catalanotto utilized an LLC to process the payroll for security services he coordinated for the Palmer Avenue Neighborhood Association.