Kevin Vincent Boshea, ATTORNEY AT LAW, 2955 Ridgelake Drive, Suite 207, Metairie, LA 70002, COUNSEL FOR PLAINTIFF/APPELLANT
Elizabeth Robins, DEPUTY CITY ATTORNEY, Renee Goudeau, ASSISTANT CITY ATTORNEY, Sunni J. LeBeouf, CITY ATTORNEY, 1300 Perdido Street, Suite 5E03, New Orleans, LA 70112, COUNSEL FOR DEFENDANT/APPELLEE
(Court composed of Judge Terri F. Love, Judge Roland L. Belsome, Judge Sandra Cabrina Jenkins )
*916 Plaintiff-Appellant, Rhett Charles, appeals the judgment of the Civil Service Commission (Commission) which sustained his demotion and one-day suspension by the New Orleans Police Department (NOPD). For the following reasons, we affirm the Commission's decision.
FACTS AND PROCEDURAL HISTORY
Appellant, a twenty-eight year veteran, worked as a sergeant for the NOPD. In 2016, he supervised at least fourteen officers in the Alternative Police Response (APR Unit). During that time, he engaged in a series of sexually inappropriate conversations with two of his subordinate female employees: Officer Shannon Reeves and Officer Nicole Alcala.
After receiving a complaint regarding Appellant's behavior, the NOPD initiated a Public Integrity Bureau investigation. The investigation was assigned to Sergeant Christopher Johnson. At the conclusion of the investigation, Sergeant Johnson found that Appellant violated the NOPD's Rules 3[1] and 4[2] concerning professional conduct and neglect of duty. In accordance with these findings, discipline was recommended.
After the disciplinary hearing, the NOPD issued a one-day suspension and demotion for the violations. As a result, Appellant filed an appeal with the Commission. After a hearing, the Commission sustained the NOPD's disciplinary decision and denied the appeal. This appeal followed.
STANDARD OF REVIEW
An appellate court is to apply the clearly wrong or manifestly erroneous standard of review when reviewing the Commission's factual findings. Bannister v. Dep't of Streets , 95-0404, p. 8 (La. 1/16/96), 666 So.2d 641, 647 (citing Walters v. Dep't of Police of the City of New Orleans , 454 So.2d 106 (La. 1984) ). When "evaluating the Commission's determination as to whether the disciplinary action is both based on legal cause and commensurate with the infraction, the court should not modify the Commission's order unless it is arbitrary, capricious, or characterized by abuse of discretion." Id. A decision by the Commission is "arbitrary or capricious" when there is no rational basis for the action taken. Id.
DISCUSSION
Appellant asserts three assignments of error, concerning two issues: the *917 sufficiency of the evidence and the disciplinary action. The first issue is whether the NOPD established the violations by a preponderance of the evidence. The second issue is whether the Commission erred in upholding the demotion and suspension of Appellant.
First, Appellant argues that the evidence was insufficient to establish that he committed the alleged violations. More specifically, Appellant challenges the credibility of the NOPD's witnesses.
At the hearing, several witnesses gave graphic testimony concerning Appellant's inappropriate behavior. Officer Reeves testified that Appellant asked her to pretend he was not her supervisor, commented on her genitals, spoke about sexual exploits, and inquired about preferred sexual positions. Further, Appellant invited her to visit his home, explaining that he "walk[s] around the house naked" and described lewd acts. On a separate occasion, Appellant put his arm around her and shook her, commenting that he was checking on his "friends" while looking down Officer Reeves' shirt.
After the APR Unit moved from the New Orleans Emergency Communications Center to NOPD headquarters in 2016, Appellant called Officer Reeves into his office and told her that all he saw was "t***ies" when she entered. She recorded this conversation on her cell phone. Appellant asked her about her nipples and described the techniques he would use if they were to have sexual intercourse.
Officer Reeves further testified that Appellant asked her to enter his office and after she complied, he remarked that he "just wanted to see y'all walk in." She interpreted this comment to be a reference to her breasts. She missed work on several occasions, and explained that she would not go into work because she had anxiety about encountering him. She did not report the incidents initially in early 2016 because she did not know who she could trust in the office.
Officer Nicole Alcala also testified that while reporting directly to Appellant in the APR Unit, he occasionally made sexually-themed comments directed at her, making her uncomfortable. These comments included inquiries into Officer Alcala's favorite sexual positions.
Sergeant Johnson conducted the investigation into allegations that Appellant made inappropriate sexual comments to employees. He testified that during the course of the investigation, he interviewed over fifteen people and recovered a tape recording that Officer Reeves recorded. He testified that he could hear Appellant's voice in the recording saying "if I was ever to have sex with you I would go straight for the t***ies." However, when Sergeant Johnson confronted Appellant, he admitted that his voice could be heard but could not confirm that he specifically made the comment. Nevertheless, Appellant admitted to participating in sexually explicit conversations with employees. Therefore, Sergeant Johnson sustained the violations against the Appellant. Moreover, Deputy Superintendent Paul Noel testified that these violations had a detrimental impact on the efficient operation of the department.
Converse to his investigatory statement and the other officers' testimonies, Appellant denied making any comments of a sexual nature during his testimony.
After the hearing, the Commission sustained the violations and found that Appellant's misconduct impaired the efficient operations of the department. In particular, the Commission made credibility determinations in favor of Officers Reeves and Alcala and against Appellant. As a result, it concluded that Appellant had participated *918 in sexually inappropriate conversations with his subordinates.
The decision of the Civil Service Commission is subject to review on any question of law or fact upon appeal to this Court, and this Court may only review findings of fact using the manifestly erroneous/clearly wrong standard of review. Patin v. Dep't of Police , 12-1693, p. 2 (La. App. 4 Cir. 6/26/13), 159 So.3d 476, 477-78 (citations omitted). When there were two permissible views of the evidence, the Commission's credibility choice cannot be manifestly erroneous. See Rosell v. ESCO , 549 So.2d 840, 844 (La. 1989) (citations omitted). Given the foregoing, we cannot say that the Commission was manifestly erroneous in sustaining the violations.
Second, Appellant argues that the Commission erred in upholding the demotion and suspension of Appellant because the ruling was arbitrary and capricious. In support of this argument, Appellant asserts there is no evidence that the alleged infractions constituted a third offense, and therefore, the discipline was not commensurate with a first offense according to the NOPD Disciplinary Penalty Matrix.
Despite Appellant's argument, Deputy Superintendent Noel testified that he would have recommended deviating from the penalty matrix even if this was Appellant's first offense because the nature of the violations were severe and vulgar, and Appellant compromised the NOPD's ability to enforce its own rules and policies. Deputy Superintendent Noel also testified that Appellant lost his ability to supervise employees, and the inability to conduct his duties limited the job performance of the NOPD.
The Commission has the "exclusive power and authority to hear and decide all removal and disciplinary cases." La. Const. Art. X, § 12 (B). This Court has held that "[t] he discipline must have a rational basis to be commensurate with the dereliction or else it is arbitrary and capricious." Patin , 12-1693, p. 3, 159 So.3d at 478 (citation omitted). In addition, this Court has upheld the Commission's decision to deviate from the penalty matrix in circumstances where the "violation was such that it affected the rights and liberties of another, job performance of the NOPD, and involved a criminal violation." Meisch v. Dep't of Police , 12-0702, P. 12 (La. App. 4 Cir. 2/20/13), 110 So.3d 207, 215. Sexual harassment in the workplace certainly violates the rights and liberties of the victim, as well as the job performance of the NOPD, when officers avoid going to work due to anxiety of encountering the person harassing them.
In upholding the NOPD's decision to demote and suspend Appellant, the Commission considered the severity of the infraction as well as the testimony of Deputy Superintendent Noel. Under these circumstances, the disciplinary action was reasonable and commensurate with the severity of the offense. Accordingly, the Commission's decision to demote and suspend Appellant was not arbitrary or capricious.
CONCLUSION
For the foregoing reasons, the judgment of the Civil Service Commission is affirmed.
AFFIRMED

The one-day suspension stemmed from a violation of Rule 3: Professional Conduct, Paragraph
1: Professionalism, which states:
Employees shall conduct themselves in a professional manner with the utmost concern for the dignity of the individual with whom they are interacting. Employees shall not unnecessarily inconvenience or demean any individual or otherwise act in a manner which brings discredit to the employee or the New Orleans Police Department.

The demotion stemmed from two violations of Rule 4: Performance of Duty, Paragraph 4(c)6 and 4(B) Neglect of Duty, Failing to Comply with Instructions, Oral or written, from any authoritative source to wit NOPD, Policy 328 Workplace Discriminatory Harassment/Retaliation Procedure. Rule 4(B) states:
An employee with supervisory responsibility shall be in neglect of duty whenever he fails to properly supervise subordinates, or when his actions in matters relating to discipline fail to conform with the dictates of Departmental Rules, Policies and Procedures.
Rule 4(c)6 states, in relevant part:
The following acts or omissions to act, although not exhaustive, are considered neglect of duty:
6. Failing to comply with instructions, oral or written, from any authoritative Source[.]