| | | |
|---|---|---|
| **LANCE MARTIN** | * | **NO. 2021-CA-0070** |
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **DEPARTMENT OF FIRE** | * | |
| | | **FOURTH CIRCUIT** |
| | * | |
| | | **STATE OF LOUISIANA** |

* * * * * * *

APPEAL FROM
CITY CIVIL SERVICE COMMISSION ORLEANS
NO. 9060

* * * * * *
**JUDGE SANDRA CABRINA JENKINS**
* * * * * *

(Court composed of Judge Roland L. Belsome, Judge Rosemary Ledet, Judge Sandra Cabrina Jenkins)

Louis L. Robein, III
Laura K Cline
ROBEIN URANN SPENCER PICARD & CANGEMI, APLC
2540 Severn Avenue
Suite 400
Metairie, LA 70002

    COUNSEL FOR PLAINTIFF/APPELLANT


Daniel T. Smith
Elizabeth Robins
Donesia D. Turner
Sunni J. LeBeouf
1300 Perdido Street
City Hall - Room 5E03
New Orleans, LA 70112

    COUNSEL FOR DEFENDANT/APPELLEE

**AFFIRMED**

**OCTOBER 20, 2021**

*SCJ*
*RLB*
*RML*

Lance Martin appeals the Civil Service Commission's ("the Commission") decision denying the appeal of his termination as a firefighter with permanent status by the New Orleans Fire Department ("NOFD"). Finding that NOFD established legal cause for taking disciplinary action and terminating Mr. Martin, we affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

On July 18, 2018, Mr. Martin, while driving his personal vehicle, struck several parked cars near the NOFD headquarters, and was charged with operating a vehicle while intoxicated ("DWI"). On July 20, 2018, Mr. Martin entered into NOFD's Employee Assistance Program ("EAP") to obtain assistance with managing alcohol substance abuse. As a condition of the program, Mr. Martin signed a "Return to Work Consent for Information Disclosure" agreement, which obligated him to abstain from alcohol consumption during the term of his employment.

On October 10, 2018, Mr. Martin was arrested and charged with DWI, reckless operation of a vehicle, and other moving violations. In a third incident, on July 12, 2019, Mr. Martin was arrested and charged with DWI and reckless operation of a vehicle, following a single-car accident. On July 19, 2019, Superintendent of Fire, Timothy A. McConnell issued a disciplinary letter, terminating Mr. Martin.

Mr. Martin timely appealed his termination to the Commission. On October 8, 2019, a Civil Service hearing took place before Hearing Examiner Jay Ginsberg. At the hearing, Mr. Martin admitted to consuming alcohol on July 12, 2019. Thereafter, the hearing examiner provided the Commission with an advisory report dated June 10, 2020. The hearing officer recommended that Mr. Martin's appeal be granted, finding that Mr. Martin did not report to work intoxicated or pose a public safety risk while on the job.

On December 22, 2020, the Commission rejected the hearing examiner's findings and recommendation, and denied Mr. Martin's appeal, finding that "granting Appellant's appeal, given the facts presented, would in the eyes of the NOFD, its firefighters, and the public potentially damage the integrity and effectiveness of the EAP, specifically and correspondingly the NOFD's overall efficiency, credibility, and effectiveness in the eyes of all." It is from this judgment that Mr. Martin now appeals.

**DISCUSSION**

Mr. Martin assert four assignments of error:

1) The Commission's determination that Mr. Martin's failure to comply with the Return to Work agreement adversely affected the efficient operation of the NOFD was an abuse of discretion.

2) The Commission erred in affirming the discipline as it erroneously found that the action of Mr. Martin violated the policies of the City of New Orleans and/or the NOFD.

3) The Commission erred in affirming the discipline as the NOFD erroneously imposed discipline that was not commensurate with the alleged infractions.

4) The Commission erred in affirming the discipline as the appointing authority did not prove by a preponderance of the evidence that Mr. Martin's off-duty actions impaired the efficient operation of the public service.

While Mr. Martin assigns four errors, we narrow down our discussion to two issues: 1) whether the Commission erred in finding that NOFD showed by preponderance of the evidence that Mr. Martin's actions impaired the efficient operation of the department; and 2) whether the Commission erred finding that the discipline imposed on Mr. Martin was commensurate with his alleged offense and denying his appeal.

***Standard of Review***

An employee subjected to disciplinary action by his or her appointing authority has the right to appeal to the Commission. *Honore' v. Dept. of Public Works*, 2014-0986, p. 8 (La. App. 4 Cir. 10/29/15), 178 So.3d 1120, 1126 (citing La. Const. Art. 10 §§ 8, 12). On appeal, the appointing authority must prove by a preponderance of the evidence good or legal cause for taking disciplinary action. *Honore'*, 2014-0986, p. 8, 178 So.3d at 1126-27. "Good 'cause' for the dismissal of such a person includes conduct prejudicial to the public service involved or detrimental to its efficient operation." *Bell v. Dept. of Police*, 2016-0677, p. 5 (La. App. 4 Cir. 3/22/17), 216 So.3d 819, 822.

3

The Commission must decide independently from the facts presented whether the appointing authority had legal cause for taking the disciplinary action, and if so, whether the punishment imposed is commensurate with the dereliction. *Milton v. Dept. of Public Works*, 2016-0625, p. 10 (La. App. 4 Cir. 3/22/17), 216 So.3d 825, 831.

On appeal from the Commission's ruling, appellate courts review findings of fact using the manifestly erroneous/clearly wrong standard of review. *Waguespack v. Dept. of Police*, 2012-1691, p. 3 (La. App. 4 Cir. 6/26/13), 199 So.3d 976, 978. In determining whether the disciplinary action was based on good cause and whether the punishment imposed is commensurate with the dereliction, the appellate court should not modify the Commission's decision unless it is arbitrary, capricious, or characterized by an abuse of discretion. *Patin v. Dept. of Police*, 2012-1693, p. 2 (La. App. 4 Cir. 6/26/13), 159 So.3d 476, 478 (citing *Cure v. Dept. of Police,* 2007–0166, p. 2 (La. App. 4 Cir. 8/1/07), 964 So.2d 1093, 1094). A decision is "arbitrary or capricious" when there is an absence of a rational basis for the action taken. *Milton*, 2016-0625, p. 10, 216 So.3d at 831.

### *Legal Cause for Discipline*

In his appeal, Mr. Martin admits to entering into a return to work agreement subsequent to his traffic violations. The agreement obligated Mr. Martin to abstain from future incidents of being under the influence of alcohol or consumption of alcohol during the term of employment, and failure to do so would result in termination from employment.

"The interpretation of a contract is the determination of the common intent of the parties." La. C.C. art. 2045. "When the words of a contract are clear and

explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." La. C.C. art. 2046.

Based on the clear and unambiguous language of the return to work agreement, if Mr. Martin failed to abstain from alcohol consumption while employed with the NOFD, he would be subject to termination.

At the October 8, 2019 hearing, New Orleans Police Department Officer, John Walker testified to the standardize field sobriety tests conducted on Mr. Martin, which indicated he was impaired due to alcohol consumption. Furthermore, Mr. Martin admitted to having consumed alcohol after entering into the agreement.

> MR. SMITH [for the Department of Fire]: Sorry. Do you recall telling the police department at the time of that arrest that you had been drinking on July 12th, 2019?
>
> MR. MARTIN: Yes.
>
> MR. SMITH: Okay. Do you recall telling the arresting officer, John Walker, that you had had a six pack of beer?
>
> MR. MARTIN: I had wine. Yeah, I told him I had some wine.
>
> MR. SMITH: Okay. All right. As you understand now, now that you have this Agreement that you had signed, it's true that you violated the terms of this Agreement; right?
>
> *  *  *
>
> MR. SMITH: Uh, the paper, yes.

Mr. Martin argues that his failure to comply with the agreement did not affect the efficient operation of the NOFD. In opposition, NOFD argues that Mr. Martin knowingly violated the terms of the return to work agreement and impaired the efficient operation of NOFD. Superintendent of Fire, Timothy A. McConnell explained in the disciplinary letter:

Your conduct has jeopardized the safety of yourself and the general public. Your actions have also represented the New Orleans Fire Department (NOFD) in a manner that is detrimental to the standards of the fire service. The Department has provided you with assistance and allowed you the opportunity to modify your conduct over the last twelve months through the City's Employee Assistance Program (EAP). However, you have continued to engage in actions that have twice resulted in your arrest for driving while under the influence of alcohol (intoxicated) after entering the EAP.

Further, at the hearing, Deputy Superintendent, Albert R. Thomas testified that undermining the EAP would impair the efficient operation of NOFD by eliminating trust in the program.

MR. SMITH: …Would an employee not abiding by the terms of the program undermine its integrity? Would an employee not abiding by the terms of the EAP agreement undermine the EAP program?

DEPUTY SUPERINTENDENT THOMAS: Yes, it would.

MR. SMITH: Okay. Would that impact the efficient operation of the fire department?

DEPUTY SUPERINTENDENT THOMAS: Yes, it could.

MR. SMITH: How would it impact it, sir?

DEPUTY SUPERINTENDENT THOMAS: It does so in that it takes away from the confidence of the other members to know that the department is not upholding what it says it stands for, and that we have help that's available to them, and we as the department has to hold up our agreement and hold up those that enter the program accountable.

…The employee has to be accountable and hold up their end of the bargain and the employer has to be accountable and hold up their end of the bargain. If that not happening, then the rest of the department and the members see that and they don't have that confidence that that's happening and it certainly undermines the integrity of the program and the success of the program.

In *Bell*, 2016-0677, pp. 1-2, 216 So.3d at 820-21, a police officer employed by the New Orleans Police Department ("Police Department") was arrested for driving will intoxicated. The Police Department terminated the officer with

permanent status on the basis that she violated professional conduct rules. *Id.* at pp. 1-2, 216 So.3d at 820-21. The professional conduct rule prohibited an off-duty employee from consumption of alcohol to the extent it resulted in impairment or intoxication that discredits the employee or department. *Id.* at p. 7, 216 So.3d at 823-24.

The officer appealed to the Commission. At the hearing, the police department provided testimony from the investigating officers and from the department superintendent. The officer argued that the evidence was insufficient to prove that she committed the crime because all criminal charges related to the incident had been dismissed. *Id.* at p. 4, 216 So.3d at 822. The Commission upheld the termination, finding that the department proved by a preponderance of the evidence that the officer was impaired and engaged in offensive behavior that discredited her. This Court agreed that the police department established that the officer's off-duty behavior impaired the efficiency of the department. The Court further held that the Commission's decision to deny the officer's appeal and uphold her termination was not arbitrary and capricious or an abuse in discretion. *Id.* at pp. 8-9, 216 So.3d at 824-25.

The facts and circumstances in this case are similar to *Bell*. Mr. Martin was disciplined for incidents involving his off-duty conduct of driving while intoxicated, which led to arrests. Similar to *Bell*, Mr. Martin's criminal charges were amended and dismissed. We note, that while the officer in *Bell* did not have an agreement to abstain from alcohol use, she was terminated after her first offense

for violating professional conduct rules. Mr. Martin entered in a return to work agreement conditioned on him abstaining from alcohol consumption during the term of his employment, and he failed to abide by the terms of the agreement. Similar to the police department in *Bell*, NOFD found that Mr. Martin's off-duty behavior impaired the efficiency of the department, specifically the integrity of the EAP program.

Accordingly, we do not find that the Commission was arbitrary or capricious in finding that Mr. Martin's breach of the return to work agreement established legal cause for NOFD to take disciplinary action against Mr. Martin.

***Was the punishment commensurate of the offense?***

We now turn to the disciplinary action taken. Mr. Martin argues that the disciplinary action of being terminated was not commensurate with the violation of the agreement. Mr. Martin further argues that while the agreement states that termination shall occur in the event an employee violates the terms, the Civil Service Rules do not state such information. We disagree.

The Commission allows for one of several disciplinary actions to be taken, including termination. While termination seems harsh, the disciplinary action against Mr. Martin's employment is consistent with Rule IX, Section 1.1 of the Rules of the Commission for the City of New Orleans, which provides:

> When an employee in the classified service is unable or unwilling to perform the duties of his/her position in a satisfactory manner, or has committed any act to the prejudice of the service, or has omitted to perform any act it was his/her duty to perform, or otherwise has become subject to corrective action, the appointing authority shall take action warranted by the circumstances to maintain the standards

8

of effective service. The action may include one or more of the following:

(a) termination from the service...

See *Rivet v. Dept. of Police*, 2018-0229, p. 11 (La. App. 4 Cir. 10/24/18), 258 So.3d 111, 120 ("While termination seems harsh, this penalty is specifically provided for in the NOPD penalty matrix."); *See also Poche v. Office of Police Secondary Employment*, 2018-0431, p. 8 (La. App. 4 Cir. 11/14/18), 318 So.3d 732, 738 (holding that while termination seems harsh for violating the city's domicile ordinance, the penalty is provided for in the Rules of the Commission).

In making the determination that Mr. Martin's termination was a commensurate disciplinary action for his offense, the Commission first noted that the record indicated that Mr. Martin had a history of alcohol abuse. In its decision, the Commission stated "[t]o have the [Mr. Martin] knowingly violate the terms of the [agreement] and then try to avoid the stated consequence of termination despite that breach by arguing that his misconduct occurred off-duty and thus did not affect the efficient operation of the NOFD, even though the Agreement pertained to off-duty conduct as well, is very concerning to this Commission." Finally, the Commission found that if the NOFD cannot maintain the integrity of its EAP by its termination of Mr. Martin, then it would cause other firefighters and the public to lose confidence in the NOFD's efficient and safe operation of its department.

Upon review of the record, we find the Commission's decision to uphold Mr. Martin's termination is rationally based on the facts established in the record. The record reflects that after entering into the return to work agreement, Mr.

Martin had two additional incidents of alcohol misuse, which led to him being arrested. Consequently, he violated his return to work agreement. While we acknowledge that termination from permanent employment is the most extreme form of disciplinary action taken against an employee, we cannot say the Commission's decision to uphold the termination in this case was arbitrary, capricious, or an abuse of discretion. *See Honore'*, 2014-0986, p. 16, 178 So.3d at 1131.

**CONCLUSION**

For the foregoing reasons, we affirm the Commission's denial of Mr. Martin's appeal.

**AFFIRMED**