JAMES F. McKAY III, Chief Judge.
I,The appellant, Joseph Waguespack, a New Orleans Police Department (NOPD) Captain with permanent status, appeals the judgment of the Civil Service Commission of the City Of New Orleans denying his appeal of the discipline imposed by the appointing authority. We affirm.
FACTS AND PROCEDURAL HISTORY
On August 14, 2006, Captain Wagues-pack and his wife Joann formed a limited liability company called JJW for purposes connected to certain paid off-duty police details he coordinated. Capt. Waguespack utilized this limited liability company to process the payroll for off-duty police officers who were performing security services for Marriot International, Inc. at its various downtown New Orleans hotels.
On May 6, 2011, the NOPD initiated an internal investigation of Capt. Waguespack for allegedly violating NOPD Rule 4, Performance of Duty, Paragraph 2, Instructions from an Authoritative Source, more particularly NOPD Operations Manual Chapter 22.8, Paid Details, Paragraph 43. Paragraph 43 ^provides: “[mjembers of this department are prohibited from forming any corporation, company, trust, fund, or cooperative banking account for the purpose of billing, receiving compensation, or offering services of paid details.” Lieutenant Errol Foy of the Public Integrity Bureau was assigned to investigate the matter. It was determined that Capt. Waguespack utilized an LLC to process payroll for security services provided by off-duty NOPD officers to Marriot.
The NOPD conducted a disciplinary hearing before Deputy Superintendent Kirk Bouyelas on August 2, 2011. Dept. Supt. Bouyelas found that Capt. Wagues-pack had violated departmental rules and recommended a three day suspension and a prohibition from working paid details for a period of six months. On August 18, 2011, Superintendent of Police Roñal Ser-pas issued a disciplinary letter concurring in Dept. Supt. Bouyelas’s determination and adopting the penalty of a three day suspension as well as the prohibition from working paid details for a period of six months.
Capt. Waguespack timely appealed this disciplinary action to the Civil Service Commission. On November 17, 2011, a hearing took place before Hearing Examiner Jay Ginsberg. At the hearing, Capt. Waguespack admitted to forming an LLC for the purpose of compensating officers who worked paid details, and to receiving a ten percent (10%) coordination fee. Lt. Foy and Dept. Supt. Bouyelas also testified at the hearing. On September 7, 2012, the Civil Service Commission denied Capt. Waguespack’s appeal, finding that “the rule serves a legitimate ^purpose and that its violation undermines the efficient operation of the department.” It is from this judgment that Capt. Waguespack now appeals.
DISCUSSION
On appeal, Capt. Waguespack argues that the Civil Service Commission erred in finding the existence of legal cause to discipline him.
The burden of proof on appeal to the Civil Service Commission is on the appointing authority. Cure v. Dept. of Police, 07-0166, p. 2 (La.App. 4 Cir. 8/1/07), 964 So.2d 1093, 1094, citing Marziale v. Dept. of Police, 06-0459, p. 10 (La.App. 4 Cir. 11/8/06), 944 So.2d 760, 767. The *978 decision of the Civil Service Commission is subject to review on any question of law or fact upon appeal to this Court, and this Court may only review findings of fact using the manifestly erroneous/clearly wrong standard of review. La. Const, art. X, § 12(B); Cure, 07-0166, p. 2, 964 So.2d at 1094. In determining whether the disciplinary action was based on good cause and whether the punishment is commensurate with the infraction, this Court should not modify the Civil Service Commission determination unless it is arbitrary, capricious, or characterized by an abuse of discretion. Id. A decision by the Civil Service Commission is “arbitrary or capricious” if there is no rational basis for the action taken by the Civil Service Commission. Cure, 07-0166, p. 2, 964 So.2d at 1095. The appointing authority has the burden of proving, by a preponderance of the evidence, that the complained of activity or dereliction occurred, and that such dereliction bore a real and substantial relationship to the efficient operation of the appointing authority. Cure, 07-0166, p. 2, 964 So.2d 1094, citing Marziale, 06-0459, at p. 10, 944 So.2d at 767.
In the instant case, Capt. Wagues-pack admits that he formed an LLC for the purpose of administering paid details. Capt. Waguespack also admits that he received a ten percent coordination fee for doing paperwork and arranging lineups. These actions are violations of NOPD Rule 4.
The NOPD contends that Capt. Wagues-pack’s actions impaired the efficient operation of the department. Specifically, the NOPD argues that Capt. Waguespack’s formation of an LLC for coordinating paid details constitutes selling the services of other officers and it disrupts the chain of command. At the Civil Service Commission hearing, Dept. Supt. Bouyelas testified that the department “wanted to prohibit police officers from profiting off of the work of other police officers.” The NOPD takes the position that when an officer is selling the services of other officers, it disrupts the hierarchy of the department. It argues that creating an LLC to operate paid details creates a conflict of interest, or at least the appearance thereof, and it creates a breach of the public’s trust. The NOPD’s argument appears to be valid; Capt. Waguespack’s formation of an LLC for purposes of coordinating off-duty details bears a real and substantial relationship to the efficient operation of the department.
We must now turn to the question of whether Capt. Waguespack’s discipline was commensurate with his dereliction. The punishment imposed by the appointing authority must be commensurate with the dereliction. Walters v. Dept. of Police of City of New Orleans, 454 So.2d 106, 114 (La.1984). The disci pline must have a rational basis to be commensurate with the dereliction or else it is arbitrary and capricious. Staehle v. Dept. of Police, 98-0216 (La.App. 4 Cir. 11/18/98), 723 So.2d 1031, 1033. In the instant case, Capt. Waguespack was given a three day suspension and was prohibited from working paid details for a period of six months. Other officers who committed the same infraction as Capt. Wag-uespack received the same discipline. Accordingly, the discipline was commensurate with the dereliction and was not arbitrary or capricious.
CONCLUSION
For the above and foregoing reasons, we affirm the Civil Service Commission’s denial of Capt. Waguespack’s appeal.
AFFIRMED